IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

JOWEL S. NUNN AIS# 204088 )
Full name and prison number )
of plaintiff(s) )
 )
 )
v. ) CIVIL ACTION NO. 1:06CV452-MEF
 ) (To be supplied by Clerk of
GENEVA COUNTY COMMISSION, A POLITICAL ) U.S. District Court)
 )
SUBDIVISION AND GREGG WARD, SHERIFF )
 )
OF GENEVA COUNTY ALABAMA )
 )
 )
 )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

Received 2006 MAY 19 A 9:22

I.   PREVIOUS LAWSUITS
    A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES (XXX) NO ( )

    B.   Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ( ) NO (XXXX)

    C.   If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.   Parties to this previous lawsuit:

             Plaintiff(s)  JOWEL S. NUNN AIS# 204088

             Defendant(s)  GENEVA COUNTY COMMISSION, A POLITICAL SUBDIVISION AND GREGG WARD, SHERIFF OF GENEVA COUNTY ALABAMA

        2.   Court (if federal court, name the district; if state court, name the county) UNITED STATES DISTRICT COURT

3. Docket number  1 : 04 CV 1067 - MEF

4. Name of judge to whom case was assigned
   HONORABLE MARK E. FULLER

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   DISMISSED

6. Approximate date of filing lawsuit  11/4/04

7. Approximate date of disposition  3/21/04

II. PLACE OF PRESENT CONFINEMENT  VENTRESS CORRECTIONS FACILITY, P. O. BOX 767, CLAYTON ALABAMA 36016

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED
GENEVA COUNTY JAIL

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | GENEVA COUNTY COMMISSION AN ALABAMA | GENEVA COUNTY ALABAMA |
| 2. | POLITICAL SUBDIVISION | |
| 3. | | |
| 4. | GREGG WARD , SHERIFF | GENEVA COUNTY ALABAMA |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED
   APPROXIMATELY  2/24/05

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Plaintiff alleges and complains that his 8th,4th,5th,17th,14th rights were violated in that he was subjected to cruel and unusual punishment and lack of medical attention to the serious medical needs of plaintiff

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

The defendants showed a deliberate indifference to plaintiffs serious medical needs while defendants were aware plaintiff was infected with staph infection and is subject to cruel and unusual punishment. (**See plaintiff attachment count I, II, III**

GROUND TWO: _____

SUPPORTING FACTS: _____

GROUND THREE: _____

SUPPORTING FACTS: _____

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOWEL S. NUNN AIS# 204088,

    PLAINTIFF,

VS.                                        CASE NO. _____

GENEVA COUNTY COMMISSION, AN ALABAMA
POLITICAL SUBDIVISION,

AND

GREG WARD, SHERIFF OF GENEVA
COUNTY.

## COMPLAINT

### COUNT I

1. Plaintiff, Jowel S. Nunn, is an adult resident currently incarcerated at Ventress Correctional Facility, an Alabama Prison situated in Barbour county Alabama, under the care, custody and control of Warden J. C. Giles.
2. Defendant, Geneva county Commission is a political subdivision existing, organized under the laws of the state of Alabama.
3. Defendant, Gregg Ward, is the sheriff of Geneva county and is responsible for the maintenence and care of Geneva county jail.
4. Plaintiff was lawfully datained due to alleged violations of the Code of Alabama 1975.
5. While detained by the Geneva county jail, plaintiff became infected with a staph infection due to the deplorable, unkempt and foul jail conditions.
6. On the 24th day of February 2005, plaintiff made repeated requests to the county and sheriff, that plaintiff was indeed infected with a staph infection (see exhibit) and that attention to the serious medical need of plaintiff staph infection would require professional medical attention. Said requests were unheeded and ignored by defendants. As a consequence of the defendants failure to act, plaintiff was kept locked up with other inmates effectively exposing them to staph infection as well.

## COUNT II
## CIVIL RIGHTS VIOLATION

7. On or about the 24th day of February 2005, Defendant(s) unlawfully deprived plaintiff of his rights guaranteed to him by the United States Constitution, in that defendant(s) failed to provide adequate medical attention for staph infection and provide a hygienic facility and after repeated requests for medical attention plaintiff requests were ignored which is a violation of plaintiff(s) rights to be free of cruel and unusual punishment and adequate medical attention to the serious medical needs of plaintiff. All violations occured during plaintiff's incarceration which caused plaintiff to contract staph infection prevalent in the unconstitutionally unhygenic jail.

8. Defendants conduct was done under color of state law, and pursuant to an official policy of said defendants, county and sheriff.

9. Defendants actions are violative of 42 USC §1983

## COUNT III
## CIVIL RIGHTS VIOLATION

10. Jurisdiction of this court is invoked pursuant to 28 USC § 1331 and 1343. The amount of **PUNITIVE** and **COMPENSATORY** damages exceeds $75,000.00

11. The claims for relif and causes of action alleged herein arise under the civil rights act of 1861, 1870, 42 USC § 1983, 1985 and 1988 the fourth, fifth, eighth and seventeenth amendment to the United States Constitution.

12. The various acts and omissions alleged herein were engaged in and carried out by, between and among the individual defendants while defendants were employed as members of the Geneva county Commission, as Sheriff, or Sheriff Deputies of Geneva county, and/or officials of the county jail who have responsibility for, or with, the Geneva county jail. All of the various acts, actions alleged herein were engaged in and carried out by, between and among individual defendants under color of state law. Geneva county Commission provides funding for the jail and is involved inestablishing the general policies, practices and procedures under which the jail operates. The jail is supervised by the Sheriff and the Geneva county Board of Commissioners. They set the general policies, practices and procedures which were responsible for the conditions present at the jail during Plaintiffs incarceration. Plaintiffs staph infection and the lack of treatment alone or in combination, has deprived plaintiff of the minimal civilized measure of lifes necessities making intolerable an otherwise constitutional term of

imprisonment. The inactions and omissions of defendants involved unnecessary and wanton infliction of pain, offending evolving notions of decency thereby imposing a punishment that shocks the conscience.

13. At all times relevant hereto, the Geneva county jail was (is) overcrowded.

14. Defendants, county and Sheriff, were aware that plaintiff was infected with staph infection and took no immediate steps to prevent or contain the same. Defendants were aware of the serious medical needs of plaintiff and took no immediate steps to alleviate nor medicate said problems caused by staph and having been proven, defendants willfully, deliberately, and melicously and with negligence and reckless disregard permitted the staph infection to linger and fester and to infect other prisoners. (see DENNIS RUDD VS GENEVA COUNTY COMMISSION/GREEG WARD SHERIFF)

15. By reason of the foregoing unlawful acts, plaintiff has been damaged in an amount in excess of one million dollars, including but not limited to actual physical injuries, violation of civil rights, pain and suffering, medical and hospital.

Wherefore the plaintiff asks for the following relief:

1) Compensatory damages in the amount of $500,000.00
2) Punitive damages in the amount of $500,000.00
3) Such other and further relief as the court may deem appropriate.

Done this 17 day of May, 2006

Jowel Scarpino Nunn 204088
JOWEL S. NUNN          PR SE

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

By reason of the foregoing unlawful acts, plaintiff has been damaged in excess of one million dollars. Compensatory damages $500,000.00 and Punitive damages $500,000.00, and such other relief as the court deems appropriate.

_Jewel Scarpino Nunn #204088_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on  5-17-06 .
(Date)

_Jewel Scarpino Nunn #204088_
Signature of plaintiff(s)

4