IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, #204088, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-452-MEF |
| | ) [WO] |
| | ) |
| GREG WARD, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 19, 2006, Jowel S. Nunn ["Nunn"], a state inmate, initiated this 42 U.S.C. § 1983 action against Greg Ward, the sheriff of Geneva County, Alabama, and the Geneva County Commission. In his complaint, Nunn contends that the defendants denied him adequate medical treatment during confinement in the Geneva County Jail.

Upon review of the pleadings filed by the plaintiff, the court concludes that Nunn's claims against the Geneva County Commission are due to be dismissed prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I. DISCUSSION**

Nunn alleges that the Geneva County Commission is liable to him under 42 U.S.C. § 1983 for actions of defendant Ward in his daily operation of the Geneva County Jail. "A

---

[1] 1. The instant complaint is subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). This statute requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). In deciding whether a county commission is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). "[A]n Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.[2]

As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292. "For § 1983 liability to attach to a county [and/or its commission], the policy at issue must have been made by a

---

[2] 2. Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)"

person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Thus, the Geneva County Commission is not liable under § 1983 for the actions about which the plaintiff complains and the claims against the this defendant are therefore due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Geneva County Commission be dismissed prior to service in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Geneva County Commission be dismissed from this cause of action.

3. This case, with respect to the plaintiff's claims against defendant Ward, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before June 18, 2006** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of June, 2006.

                                          /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE