IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, # 204088, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. 2:06-CV-452-MEF |
| ) | |
| ) | [WO] |
| ) | |
| GREG WARD, et. al., ) | |
| ) | |
| DEFENDANTS. ) | |

PLAINTIFF RESPONSE AND OBJECTION
TO THE RECOMMENDATION AND ORDER

Comes now the plaintiff, Jowel S. Nunn, #204088, by and through himself, pro se and herein submit Plaintiff's response and objection to the Recommendation to dismiss plaintiff's claims against the Geneva County Commission prior to service under the directives of 28 U.S.C. § 1915 (e) (2) (B) (i).

And as cause therefore, the plaintiff offers the following objections :

1) The United States Supreme court ahs held that a municipality may be liable for damages under §1983 for violations of Federal law that occur pursuant to an official government policy of custom, such as the policy and custom of the Geneva County Commissions' ommission of not appropriating adequate funds to allow the sheriff to eliminate unconstitutional conditions that create medical emergencies at the Geneva county jail. Monell V. Dept. of Social Services 436 US 658, 690-91 (1978)

2) The failure to adequatly fund the jail in Geneva county is also tantamount to staff being untrained. And a municipality may be held liable under §1983 for failure to trian sheriff's deputies when that failure to trian amounts to deliberate indifferance to the serious medical needs of plaintiff, with

whom sheriff interacted and whos policy along with the county commission actually caused the injury. City of Clanton v. Harris 489 US 378, 387, 390 (1989).

3) Although there is no direct evedence as to policymakers' (county commission) knowledge of the unconstitutional conditions, the county commission should have known since the practice is so widespread and flagrant, and since the policymaker should have known, makes it their policy or custom. Miller v. Kennebec County 219 F3d 8, 12-13 (2000).

4) Plaintiffs claims against county commission and sheriff shows a departmental indifference towards the serious medical needs of plaintiff and are sufficient to meet policy or custom requirement because sheriff is policymaker and can make policy or custom only based upon county commission funds allotment. Marsh v. Butler County Alabama 225 F3d 1243, 1253.

5) The Alabama courts have ruled that the duty of the county to erect and maintain a county jail pertains exclusively to the physical plant of the jail and is required to maintain a jail of sufficient size and strength. The duty of the county to maintain a jail pursuant to Ala. Code 1975 §11-14-10, is the duty to keep the jail and all equipment therein in a state of repair and to preserve it from failure or decline. Keeton v. Fayette County 558 So2d 884, and the following:

(a) County commissions are to remain informed about condition inside the jail.

(b) County commissions have the authority to inspect the jail. Ala. code 1975 §11-14-22.

(c) County commissions are to use this information to appropriate funds for maintanance .

The language of Alabama statute makes the county commission liable, using the term "DUTY" to describe its power. While the language does not grant control over the jail, but for pupposes of §1983, the county is, liable under Ala. Code §11-14-22, to the extent that the county commission new or should have known

That the jail was in uncostitutional conditions, that the jails' prisoners were being denied medical attention to the serious medical needs of inmates because they knew or should have known that they did not appropriate funds to the sheriff to carry out medical expenses. The county commission shall appropriate funds to cover expenses of necessities such as sanitation and medical attention. The county commission choose to allow the unconstitutional conditions to exist in clear violation of Alabama Statute §11-12-15 (a) (1), §11-14-20. And could have or should have corrected violations through emergency special meetings. These violations are subject to §1983 relief and is clearly amounts to deliberate indifference. Ala. code 1975 11-14-19, 20.

**********

The plaintiff does not dispute that an Alabama sheriff is an executive officer of the State of Alabama, and has been confirmed by Alabama Supreme court rulings, however, the lagislative history significantly and specifically is designed to guarantee the political rights of plaintiff, to ensure the plaintiff, when in the hands of the sheriff comes to no harm. The plaintiff does not contend that defendant county commission is reponsible for the daily operations of the jail, the sheriff has the duty to ensure detainees come to no harm, to develope policy of controlling the jail and to staff the jail with trained personel. However, in the instant case the sheriff, who is the policymaker, cannot fullfill his statutory duties, which ommisssions, violations are pursuant to a policy of the defendant county commission by not adequatly funding the jail with necessary funds, the county commission is responsible for making policy in that area of local government business. Elected county commissioners are charged with the duty to impliment public policy on the local level. State ex rel Whetstone v. Baldwin county 686 So2d 220.

So this §1983 challenge is meritorious since the violation to plaintiff was taken pursuant to a policy adopted by the sheriff and which said policy was developed by defendant county commission.

The plaintiff herein claims his theories of recovery against the Geneva county commission are based on the following acts, violations and omissions:

(a) The Geneva county commission and sheriff has shown a deliberate indifference to the substantial serious medical needs of the plaintiff.

(b) The defendants have shown a lack of any policy whatever to prevent infection of controllable infections due to unsanitary condition at the Geneva county jail, or the segregation of prisioners infected or screening policy to detect prisoner infected with deseases.

(c) The defendants have shown a complete failure to adequately staff, train or supervise employees, officers, agents, nurses, doctors, to control the spread or development of controllable deseases.

**********

## CONCLUSION

The due process clause accords plaintiff a pre-trial detainee at the time of these violations, The Hamm court has held that in regard to pretrial detainees, providing such basic necessities as food, living space and medical care, the minimum standard allowed by the due process clause. The plaintiff has established the defendants policy or custom - and has shown a persistant and widespread practice that, while not authorized by written law or express municipal policy, and is "so permanent and well settled as to constitute a custom or usage with the force of law. Brown v. City of Ft. Lauderdale 923 F3d 1474.

Wherefore the premises considered, the plaintiff pray this honorable court shall not dismiss the Geneva county commission from the claims he has raised and find further that it is proper that the Geneva county commission is liable under §1983.

JOWEL S. NUNN

STATE OF ALABAMA
COUNTY OF BARBOUR

SWORN AND SUBSCRIBED BEFORE ME THIS 15th DAY OF June, 2006

NOTARY: Carolyn R. Abercrombie   EXP.: My Commission Expires August 18, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN MAILED POSTAGE PREPAID AND PROPERLY ADDRESSED TO THE CLERK OF THE COURT, UNITED STATES DISTRICT COURT AND DEFENDANT GENEVA COUNTY COMMISSION THIS 15th DAY OF June 2006.

_____
JOWEL S. NUNN                    PRO SE

NAME Jewel S. Wannais AIS # 204/088 DORM # 11
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

2:06cv452 MEF

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

MONTGOMERY AL 361
16 JUN 2006 PM 4 L

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

36101+0711 B007