IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, #204088, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-452-MEF |
| ) | |
| GREG WARD, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

On June 19, 2006, the plaintiff filed a response and objection in which he asserts an additional claim for relief against the Geneva County Commission. Specifically, the plaintiff asserts that the county commission is liable for "not adequately funding the jail with necessary funds . . ." *Plaintiff's Response/Objection - Court Doc. No. 9* at 3. The court therefore construes this document to contain a motion to amend.

"[L]ocal governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11th Cir. 1998)." In deciding whether a county commission is subject to liability under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*,

137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)" Thus, "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288. A county commission therefore cannot be held liable for actions of the sheriff with respect to the operation of the county jail. *Id*. at 1292. Moreover, a county commission and its individual members are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998).

In light of the foregoing, it is

ORDERED that the motion to amend be and is hereby DENIED.

Done this 26th day of June, 2006.

                                    /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE