# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06-cv-452-MEF-CSC |
| | ) |
| GENEVA COUNTY COMMISSION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF GREG WARD**

STATE OF ALABAMA      )
                      )
COUNTY OF GENEVA      )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Greg Ward, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Greg Ward. I am over the age of nineteen years and competent to make this affidavit. The matters stated in this affidavit are based on my personal knowledge.

2. I am the duly elected Sheriff of Geneva County, Alabama.

3. The Geneva County, Alabama Sheriff's Department operates the Geneva County Jail pursuant to sound policies and procedures which ensure that the rights of all inmates incarcerated therein are respected. Members of the jail staff are trained both in house and at certified training programs and academies regarding all aspects of their jobs, including the administration of medical care to inmates.

4. It is the policy of the Geneva County, Alabama Sheriff's Department that all inmates confined in the Geneva County Jail be entitled to a level of health care comparable to

that available to the citizens in the surrounding community in order that the inmates' physical and emotional well-being may be maintained. All medical care rendered to inmates in the Geneva County Jail is delivered under the direction of a licensed health care practitioner. It is departmental policy that no member of the jail staff, or any other Sheriff's Department employee, may ever summarily or arbitrarily deny an inmate's reasonable request for medical services. All judgments regarding the necessity of medical treatment are left to a licensed health care practitioner.

5.   It is the policy of the Geneva County Sheriff's Department that all inmates incarcerated in the Geneva County Jail be allowed to request health care services at any time. Requests of an emergency nature may be made either verbally or in writing, but all requests for non-emergency care from state or county inmates must be submitted in writing. Members of the jail staff are charged with the responsibility of accepting requests for medical treatment from inmates and taking appropriate action to see that those requests are dealt with in a prompt and appropriate manner.

6.   When a member of the jail staff receives a request for medical treatment from an inmate, it is his or her responsibility to turn that request form over to the responsibility of the on duty jailer or matron. It is then the on duty jailer or matron's responsibility to make an appointment for the inmate with an appropriate health care provider. Any doubt as to whether an actual need exists for medical treatment is resolved in favor of the inmate, with medical services being offered. All requests of an emergency nature are handled immediately.

7.   It is the policy of the Geneva County Sheriff's Department that persons incarcerated in the Geneva County Jail be entitled to safe and accurate dispensation and administration of prescription and nonprescription medication. All medication prescribed for an inmate by a health care provider during the time of an inmate's incarceration is obtained by the

Sheriff's Department and distributed according to the doctor's directions. When distributing medications, members of the jail staff complete a medication log, which records the inmate's name, the medication, the date and time it was delivered, the initials of the officer delivering the medication, or supervising its delivery, and the inmate's initials or signature acknowledging receipt.

8.   It is the policy of the Geneva County Sheriff's Department that persons incarcerated in the Geneva County Jail be housed in humane and sanitary conditions. On a daily basis, inmates are given cleaning materials in order that they may sanitize the living areas of their cells, under the supervision of a member of the jail staff. In addition, at any time, an inmate may request cleaning materials, and such materials are routinely provided by members of the jail staff in response to such requests. Common areas of the jail, including hallways and catwalks, are cleaned by trusties every morning. A contract is maintained with a local pest control company which provides pest extermination and prevention procedures for the jail.

9.   I am familiar with the Plaintiff due to the fact that he has been incarcerated in the Geneva County Jail on at least thirteen (13) occasions beginning on February 18, 1997, when he was arrested on the charge of shooting into an occupied vehicle. Since that time, the Plaintiff was booked into the County Jail on February 19, 1997 on the charge of possession of stolen property; on May 8, 1997 on rape in the first degree, and enticement of a juvenile; on July 1, 1997 on the charge of enticing a child to enter a house; on October 20, 1998 for unlawful distribution of a controlled substance; on March 23, 1999 for a probation violation; on June 6, 2001 for possession of marijuana and unlawful distribution of a controlled substance; on September 27, 2002 for driving under the influence of alcohol; on May 14, 2003 for possession of marijuana; on August 9, 2003 for robbery in the first degree; on September 22, 2003 for receiving stolen property; on January 20, 2004 for driving under the influence of alcohol; and, on

July 27, 2004 for trafficking in a controlled substance, possession of marijuana, and possession of drug paraphernalia. On June 14, 2005, the Plaintiff was declared a Habitual Felony Offender and sentenced to a term of incarceration of twenty-five years by the Circuit Court of Geneva County.

10. At no time during his incarceration in Geneva County, Alabama was any type of serious medical need or condition of the Plaintiff ignored by a member of the jail staff. At all times, the Plaintiff received prompt and appropriate medical care, comparable to, or better than, that which he would have received had he not been incarcerated.

11. The Plaintiff's claims that he was forced to live in unsanitary conditions are simply without merit. As set out above with regard to departmental policy, inmates incarcerated in the Geneva County Jail are given daily access to cleaning materials, including mops, buckets, and cleaners. They may request these items at any time to clean their individual cell blocks. Daily cleaning takes place in the common areas of the jail, and these areas are under constant inspection by members of the jail staff.

12. With regard to the Plaintiff's complaint that he suffered from a staphylococcus ("staph") infection while in the Geneva County Jail, I am unaware of any such infection. During the time the Plaintiff was incarcerated in 2004, an inmate was admitted to the jail who, it was later learned, experienced a staph infection. Subsequent to the admission of this inmate, several inmates developed a rash. Each of these inmates, including the Plaintiff, was transported to a hospital for tests. None was determined to have a staph infection. Each inmate was issued a cream for the rash, and, as a preventive measure, this was given to every inmate at the jail.

13. After learning that an inmate at the jail had a staph infection, members of the jail staff sought advice from medical authorities on how to prevent the spread of that infection. As a result of that advice, Sheriff's Department authorities purchased a new hot water heater devoted

solely to the washing of clothing and bedding. This water heater, which is turned to a much higher temperature than that used for bathing by inmates, is supposed to eliminate staph germs in clothing and bedding as they are being washed. In addition, jail staff and trusties were ordered to increase the amount of Clorox being used in each wash, orders were issued that all towels and washcloths in the jail be laundered every day, and hand sanitizers were installed in each cell at the jail.

14. I deny that I have, in any way, acted, or caused anyone to act in such a manner so as to deprive the Plaintiff of any right to which he is entitled.

15. I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

_____
GREG WARD

SWORN TO and SUBSCRIBED before me this _____ day of August, 2006.

_____
NOTARY PUBLIC
My Commission Expires: _____