### THE CLAIMS AGAINST THE DEFENDANT(S) MUST PREVAIL BASED ON THE MOTIVE TO INFRINGE UPON PLAINTIFF(S) CONSTITUTIONAL RIGHTS TO LIFE AND THE DEFENDANT(S) ACTIONS WERE SO EGREGIOUS AS TO CONSTITUTE RECKLESS AND CALLOUS INDIFFERENCE

RECEIVED
2006 SEP -6 A 9: 23

The defendant(s) claim of immunity must fail, because official immunity, whether alleged to be absolute or qualified will not bar plaintiff from obtaining damages under section 1983 because §1983 does not facially provide for official immunity. See BUCKLEY V. FITZSIMMONS 509 U.S. 259, 268 (1993).

In this matter the court should determine which catagory of official action merits immunity and should employ a **"functional approach"** while looking to the nature of the official function, not to the identity of the official actor or to the defendant's employment title. The defendant in this case has clearly violated his own policy; see Exhibit B, WARD aff., ¶4, 5 and 6, a violation that is the statutory and constitutional rights of the plaintiff, of which, any reasonable person would have known that staph infection is a most serious medical issue and that immediate attention is required to stop the spread of the infection to the blood stream where serious complications have been known to lead to amputation of body parts.

The deliberate indifference to the serious medical needs of the plaintiff is shown by the policy and deficiencies of the defendant and his staff, who took an unusually long time to provide, although inadequate, medical attention. The defendant has denied even knowing the plaintiff had staph infection even though the plaintiff took steps to make it known to defendant through his jails inmate request procedure. See Exhibit B, Ward aff.

The defendant further perjures himself by stating that, (1) he didnt know that there was the presence of staphylococcus in the jail,(2) he knew there was an inmate admitted to the jail who later turned out to have had staphylococcus infection. [the plaintiff would like to know, either he knew or he didnt].

The procedures or policy of the defendant, his jail and staff so effected the plaintiff that access to adequate medical care was denied.

On June 4, 2005 the plaintiff was diagnosed with staphylococcus aureus bacteria. The defendant claims to have not known the plaintiff was infected with staph until June 7, 2005 but the defendant repeatedly submitted request forms to see a doctor, as pusuant to jail policy. <u>On June 3,2005 the plaintiff specifically stated he had staph infection, and further stated that plaintiff was having sharp pains in his left arm and that there was a big knot under the skin</u>. see page 27, special report. On June 2, 2005 plaintiff also allerted the jail staff of the presence of staphylococcus aureus bacteria and specifically plaintiff himself was infected with a continuous itching and burning sensation in the area of a large knot growing on plaintiff's arm.

The Eleventh Amendment Immunity protects "all but the plainly incompetent or those who knowingly violate the law. Under the doctrine of immunity, government officials or the defendant, while performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutor - constitutional rights of which a reasonable person should have known. <u>Malley v. Briggs</u> 98 LEd2d 271; <u>Harlow V. Fitzgerald</u> 73 LEd2d 396; <u>Rich v. Dollar</u> 841 F2d 1558.

The defendant does not share the protections of those performing their discretionary duties because he violated his own policy by allowing the jail staff to prolong plaintiffs' medical request to a serious medical issue or staphylococcus bacteria. The jail staff are not trained to recognize staphylococcus and thus denied the plaintiff medical attention. Further the defendant nad his staff allowed an staphylococcus infected inmate to live among the jail population. did not segregate this inmate until it was far to late and the plaintiff along with several other inmates had become infected also. This demonstrates a culpable state of mind and the eleventh amendment **doesnt insulate** the defendant from suit for prospective relief to remedy violations of federal constitutional law. In such cases, it is

the individual and not the state which is being sued, and when the defendant acts unconstitutionally, he is stripped of his official or representative character and eleventh amendment protection. Moreover, the eleventh amendment does not bar monetary relief, including costs, which is ancillary to the prospective relief. See Kentucky v. Graham 87 LEd2d 114.

Further, in Wilson v. Seiter 501 U.S. 294 (1991), the Supreme court has ruled that distinguishing between official conduct that is part of the punishment formally imposed for a crime and official conduct that does not purport to be punishment, such as adequate medical care, the judicial fact finder should determine a prisoner's 8th amendment claim. The Eighth amendment protects prisoners against crual and unusual punishment during confinement. **U. S. Const. Amend. VIII. Hutto V. Finney 437 U.S. 678 (1978).**

Only deprivations that the plaintiff suffers arising from the custom and policy of the defendant, his jail and his staff can result in liability under section 1983. Whenan injury is inflicted as a result of the defendants policy and custom, the defendant is responsible under §1983. Because the defendant refused to provide the attention necessary for medical care for staph infection, the defendants policy of ignoring inmate complaints for madical attention made him liable under §1983. The Geneva county jail, according to the defendants affidavit, has a written policy that "all inmates confined in the Geneva county jail be entitled to a level of health care comparable to that available to the citizens in the surrounding community." See Exhibit B, Ward Aff.,¶4. And in Defendant Exhibit B, Ward aff.,¶5, the defendant states that "it is the policy of the Geneva county Sheriff's Department that all inmates be allowed to request health care services at any time".

It is inconceivable and shocking to the conscious because evolving precepts of humanity and personal dignity animate the eighth amendment that the defendants would allow a infected prisoner to be housed in the same living area as the plaintiff then in the interim, causing the plaintiff to become infected with staphylococcus bacteria along with several other inmates. The plaintiff's results from an examination done

June 4th, 2005 where a culture was taken of the wound on the plaintiff''s left arm. The results of the culture showed that the plaintiff was positive for the staphylococcus aureus bacteria. Then when the defendant states under oath that he didnt know is false. This establishes the two elements - that "the deprivation of plaintiff's basic human need was **objectivley** sufficiently serious and that **Subjectively** the defendants acted with sufficient culpable state of mind to violate the plaintiff rights". Strickler v. Waters 989 F2d 1375 . This showing is necessary to demonstrate the plaintiff's deprivation of which he complained was/is serious enough to constitute deliberate indifference and cruel and unusual punishement. Also the predecessor to 18 USCS § 242 required actions under color of state law. U.S. v. Powell 53 LEd2d 653, and it is immeterial, for purposes of predecessor to 18 USCS §242, whether these acts commited under color of state law are authorized by state law. Guinn V. U.S. 59 LEd2d 1340. The misuse of power possessed by the defendants, and possessed by virtue of the state law and made possible only because wrongdoer or defendant is clothed with authority of state law, is an action taken under color of state law, within the meaning of the predecessor of 18 USCS §242, thus making it an offense to deprive plaintiff/inhabitant of state of his constitutional rights under color of any law. U.S. v. Classic 85 LEd 1368 (1941).

Therefore it is the individual here who is being sued and not the state and when the defendant acts unconstitutionally, he is stripped of his official or representative character and the eleventh amendment protections. The deliberate indifference to the serious medical needs of the plaintiff is shown by the policy and deficiencies of the defendant and his staff and the plaintiff shows that :
1. The plaintiff was admitted into the Geneva county jail and on June 14, 2005 was sentenced to a term of twentyfive years
2. In 2004 an inmate admitted to the Geneva county jail was found to be fully infected with staphylococcus bacteria and as a result of this inmates exposure to the living area of the general population of the jail several inmates, including the plaintiff was infected with staphylococcus bacteria causing sever burning and

Further causing whole to fester which was about ½ inch deep, which is now known to be a flesh eating staphylococcus bacteria identified by Dr. Rachel Gorwitz of the Centers for Disease Control and Prevention. Dr. Gorwitz further stated that these skin infections once into the blood stream are lifethreatening. This story is published in the **New England Journal of Medicine**. The Geneva county jail staff mistakenly thought the plaintiff was just lying and fooling around and simply suffered from a spider bite. The policy of the staff and defendant is to do nothing unless there is obvious trauma to a inmate. Even though the jails' written policy says otherwise, the defendants use arbitrary and caprisious denials which show a culpable state of mind and the defendants intent to practice an unlawful policy caused the plaintiff pain and suffering.

## THE DEFENDANTS CLAIM THAT THE PLAINTIFF IS BARRED
## BY THE DOCTRINE OF RES JUDICATA IS IN BAD FAITH

The doctrine of res judicata typically, would bar a matter judicially acted upon or decided by a final judgment rendered by a court of competent jurisdiction on the merits and is conclusive as to the rights of the parties or the privies, and , as to them, constitutes an absolute bar to a subsequent action involving the same claim.

The matter at bar is not barred by res judicata because the matter was never decided on the merits. See JOWEL S. NUNN v. GREG WARD et al Civil Action No. 1:04 -CV 1067-F (February 16, 2005 and March 21, 2005.

The section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of his rights, privileges or immunities secured by the constitution or the laws of the United States 42 U.S.C. §1983; Day v. Morgan Thau 909 F2d 75, 77 (2nd cir.1990).

Although section 1983 creates no substantive rights; it provides a necessary procedure for redress for the deprivation of rights established elsewhere. City of Oklahoma City v. Tuttle 85 LEd2nd 791(1985). The very purpose of section 1983 is to interpose the federal courts between the states and the people's federal rights - to protect the people from unconstitutional action under color of state law. Ex parta Virginia 25 LEd2d 676., The court pronounced three major factors to be considered in determining res judicata (collateral estoppel): 1) Whether the issues presented... are in substance the same ... ; 2) Whether controlling facts or legal principles have changed significantly since the state - court judgement; 3) Whether other special circumstances warrant an exception to the normal rules of preclusion.

The concept of res judicata (collateral estoppel) cannot apply when the plaintiff did not have a 'full and fair opportunity' to litigate that issue in the earlier case.

In this matter the plaintiff filed a §1983 against federally protected rights the defendants violated on November 4, 2004. The plaintiff wrongly assumed that an initial filing would be sufficient to address his grievance. The court must consider that the plaintiff is a pro se litigant who has no knowledge of procedure and the Federal Rules of Civil Procedure. This was further aggrivated by the defendants lack of access to courts that the defendants do not provide. The plaintiff tends to show that his first complaint was "<u>not adjudicated on its merits</u>", and was actually dismissed without prejudice. Therefore the claims raised by pro se litigants is to be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner 30 LEd2d 652, 926.

The plaintiff herein states that the defendants are not entitled to relief under the doctrine of res judicata because the previous claims were dismissed without prejudice and were not adjudicated on the merits.

## THE DEFENDANTS CLAIM THAT THE PLAINTIFF HAS FAILED TO COMPLY WITH PRISON LITIGATION REFORM ACT IS ERRONEOUS

The plaintiff has exhausted every remedy available at the Geneva county jail and there exist no other remedy at the Geneva county jail other than a generic request form with outlaying boxes prisoners mark for whatever the problem is and this is the remedy that plaintiff used.

If there had been other remedies plaintiff had at his disposal, he certainly would have used them. Therefore plaintiff contends that his remedies are exhausted in regards to the Geneva county jail.

The plaintiff concurs that exhaustion is required in Federal law prison condition cases brought "by a prisoner confined to any jail, prison or other correctional factility". Thus, the exhaustion requirement applies to prisoners' action[s] ... with respect to prison conditions under §1983. The Prison Litigation Reform Act (PLRA), statute says that " no action shall be brought ... until such administrative remedies as are available are exhausted". 42 USC §1997e(a).

It does not say what courts should do if the plaintiff has not exhausted. Notwithstanding this is not the case. The United States Congress did not make the exhaustion requirement jurisdictional and did not explicitly command dismissal in all such cases which it could easily have done. "There is simply no evidence that congress intended by section 1997e(a) to remove every aspect of the district courts' traditional equity jurisdiction, "CRUZ V. JORDON 80 F SUPP. 2d 109 (S.D. N.Y. 1999), and statutes are not to be construed as limiting the equitable powers of federal courts absent a clear command from congress tothe contrary. CALIFANO V. YAMASAKI 442 U S 682, 705 (1979). In the absence of such prohibitions, courts should be deemed to retain the power to make exceptions to a general rule of dismissal by staying the action pending exhaustion based on the circumstances of individual cases. CRUZ V. JORDON 80 F SUPP.2d @ 124  (overruled).

**NEAL V. GOOR 267 F3d @ 121 - 23** (which did not address unusual circumstances). The plaintiff is required to exhaust only those **"plain, speedy, and effective"** administrative remedies that the court determines are "fair and effective".

Further the plaintiff tends to show that the Supreme court has held that a federal prisoner seeking damages need not exhaust administrative procedure that did not provide damages. Sound judicial discretion governs this rule. **MCCARTHY V. MADIGAN 503 US @ 144.** In the case at bar, the court here should "balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaution.

The defendants in this case are seeking to usurp the prompt access of the plaintiff to the federal judiciary. The defendants know very well that there exist no other remedy besides the generic inmate request form and to assert by the defendants that there is remedy in the Alabama Board of Adjustment is simply rediculous where the recovery caps at $500.00, and is inadequate for this type of claim. A claim to the Alabama Board of Adjustment would cause undue prejudice to the recovery and subsequent claims of the plaintiff and the Alabama Board of Adjustment is not empowered to grant effective relief.

The Supreme court in McCarthy has held that state prisoners are required to exhaust remedies that are **"plain, speedy and effective** and said also that a remedy without damages would not be **"effective"** for a damage claimant. **MCCARTHY V. MADIGAN 503 US 140** and **BOOTH V. CHURNER 532 US 731, 121 S.CT. @ 1824.**

The question here is "whether the alleged grievance system of the Geneva county jail is in fact a remedy that is available". The plaintiff filed a inmate request form and clearly marked the box indicating that it was a grievance. Nothing has ever been mentioned about it until now. And the defendant is mistaken when his claim is that the plaintiff never filed one clearly indicating it was a grievance.

The Supreme court has held that remedies must be available for exhaustion to be required, a standard the supreme court described as "requiring the possibility

of some relief for the action complained of. **BOOTH 121 S. Ct. @ 1824.** Without the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the complaint, leaving the plaintiff with nothing to exhaust. The defendants make a colorful claims of failure to exhaust, but there is nothing to exhaust and the Alabama Board of Adjustment is without authority to grant damages and is not effective as a "plain and speedy remedy. Therefore the defendants claims are made in bad faith and are seeking to cause the court to commit a grave injustice.

The defendant should not be granted relief on this erroneous claim and should be disregarded by this court. The facts will clearly show by the defendants own special report that every available exhaustive remedy the Geneva county jail had to offer. The Alabama Board of Adjustment is inadequate to grant relief on the plaintiffs' claims.

Based on the forgoing Contentions of the plaintiff. The Plaintiff respectfully request that this honorable Court deny the defendants Motion for Summary Judgment and grant the Plaintiff a day for trial.

## Conclusion

The Plaintiff, in this Action is the victim of the deliberate Indifference the defendants showed to his serious medical needs. These Acts by the defendant are not Just Simple Negligence of a isolated incident but due to a policy to deny medical Care and save money Contrary to the So-Called Written Policy of the Geneva County Jail. The defendant Acted and Caused Jail Staff to act in a Manner which deprived Plaintiff of Rights to which he is entitled. The Plaintiff pray this honorable Court Shall set a day for trial.

*Jowel S. N_____*

## Certificate of Service

I hereby Certify that on this the 4th day of September that I have Mailed a true and Correct Copy of the forgoing answer to defendants Special Report by placing the same in the United States Mail, Via prison Mail, Postage prepaid and properly addressed to: Webb and Eley P.C.
P.O. Box 240909
Montgomery Ala 36124