IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06-cv-452-MEF-CSC |
| ) | |
| GENEVA COUNTY COMMISSION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION TO STRIKE**

COMES NOW Geneva County, Alabama Sheriff Greg Ward, Defendant in the above-styled cause, and moves this Court to strike the "Affidavit of Jowel S. Nunn" and "Affidavit of Dennis Rudd" submitted by the Plaintiff and as grounds state as follows:

1.  Rule 56(e) of the Federal Rules of Civil Procedure states that affidavits offered in support of or in opposition to a motion for summary judgment "shall be made **on personal knowledge**, **shall set forth such facts as would be admissible in evidence,** and **shall show affirmatively that the affiant is competent to testify to the matters stated therein**." Fed. R. Civ. P. 56(e) (emphasis added).  Pursuant to 28 U.S.C. § 1746, an unsworn declaration may be used "[w]herever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit . . . ."  Such declarations are subject to the same requirements as affidavits submitted to support and oppose summary judgment. Capital Cities/ABC, Inc. v. Ratcliff, 953 F.

Supp. 1228, 1233 (D. Kan. 1997), aff'd 141 F.3d 1405 (10th Cir. 1998), cert. denied 525 U.S. 873 (1998).

2.   Affidavits which are not in compliance with Rule 56(e) of the Federal Rules of Civil Procedure may be subject to a motion to strike.  Thomas v. Alabama Council on Human Relations, Inc., 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003) (citations omitted).  Rule 56 mandates "that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper."  Thomas, 248 F. Supp. 2d at 1112 (citations omitted).  "Bald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact."  Williams v. Hager Hinge Co., 916 F. Supp. 1163, 1168 (M.D. Ala. 1995) citing Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985).  Since affidavits "must be based upon personal knowledge, an affidavit based upon 'information and belief' is insufficient as a matter of law."  Gore v. GTE South, Inc., 917 F. Supp. 1564, 1570 (M.D. Ala. 1996) citing Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 831 (1950); Reeves v. Thigpen, 879 F. Supp. 1153, 1164 (M.D. Ala. 1995).  "In determining admissibility under Rule 56," a court is bound by "the same standards…as at trial….Thus, in ruling upon summary judgment motions, the court will refuse to consider inadmissible hearsay."  Gore, 917 F. Supp. at 1570 (citations omitted).

3.   Plaintiff submitted two documents with his Complaint: "Affidavit of Jowel S. Nunn" and "Affidavit of Dennis Rudd."  Both documents are deficient in various respects.  Therefore, the Affidavit of Jowel S. Nunn and the Affidavit of Dennis Rudd are inadmissible in the consideration of Defendant's Motion for Summary Judgment.

    4.    The Affidavit of Jowel S. Nunn is deficient in the following respects:

    a.    The Affidavit of Jowel S. Nunn begins by stating: "JOWEL S. NUNN AIS # 204088. an inmate in the custody of the Alabama Department of Corrections…." The first sentence of the second paragraph then states: "My name is Jowel S. Nunn and i [sic] am a resident of Geneva County[,] Alabama." However, as an inmate incarcerated at Ventress Correctional Facility in Clayton, Alabama, the Plaintiff is not a resident of Geneva County, Alabama. See Harris v. McKenzie, 703 So. 2d 309, 313 (Ala. 1997) quoting Ex parte Weissinger, 22 So. 2d 510, 514 (Ala. 1945); Osborn v. O'Barr, 401 So.2d 773, 775 (Ala. 1981) citing Ex Parte Phillips, 152 So. 2d 144 (Ala. 1963) ("In order to acquire a domicile of choice there must be both an abandonment of the former domicile with no present intention of return, and the establishment of another place of residence with the intention to remain permanently, or at least for an unlimited time."). Moreover, the style of Plaintiff Nunn's affidavit indicates that it was executed in Barbour County, Alabama.

    b.    The affiant's (Jowel S. Nunn) statement that, as "a pretrial detainee being held in the Geneva County Jail," he "did contract staph infection caused by the deplorable conditions of Geneva county jail and exacerbated by the deliberate indifference of Geneva county and its agents, to the serious medical needs of your affiant" constitutes an impermissible "conclusory argument,"[1] "bald conclusion"[2] and/or opinion.[3]

    c.    The following statement by the affiant (Jowel S. Nunn) also represents an impermissible "conclusory argument,"[4] "bald conclusion"[5] and/or opinion[6]: "Based on the

---

[1] Thomas, 248 F. Supp. 2d at 1112.
[2] Williams, 916 F. Supp. at 1168 citing Evers, 770 F.2d at 986.
[3] See Fed. R. Civ. P. 56(e); Fed. R. Evid. 701 and 704.
[4] Thomas, 248 F. Supp. 2d at 1112.
[5] Williams, 916 F. Supp. at 1168 citing Evers, 770 F.2d at 986.
[6] See Fed. R. Civ. P. 56(e); Fed. R. Evid. 701 and 704.

aforesaid facts i [sic] hereby claim that Geneva county jail and its agents, servants, representatives and employees are liable for the damages i [sic] have sustained due to the negligence and deliberate indifference to the serious medical needs of your affiant."

    d.    The Affidavit of Jowel S. Nunn does not state that it is based on personal knowledge as required by Fed. R. Civ. P. 56(e).

    e.    The Affidavit of Jowel S. Nunn does nothing more than repeat the allegations set forth in his Complaint.

5.    The Affidavit of Dennis Rudd is deficient in the following respects:

    a.    The Affidavit of Dennis Rudd identifies the affiant as "Jowel S. Nunn" in the first paragraph.

    b.    The Affidavit of Dennis Rudd begins by stating: "Dennis Rudd AIS # 239596, an inmate in the custody of the Alabama Department of Corrections…." The first sentence of the second paragraph then states: "My name is Dennis Rudd AIS# 239596 and i [sic] am a resident of Geneva County[,] Alabama." However, as an inmate incarcerated at Ventress Correctional Facility in Clayton, Alabama, the affiant is not a resident of Geneva County, Alabama. See Harris, 703 So. 2d at 313 quoting Ex parte Weissinger, 22 So. 2d at 514; Osborn, 401 So.2d at 775 citing Ex Parte Phillips, 152 So. 2d 144 ("In order to acquire a domicile of choice there must be both an abandonment of the former domicile with no present intention of return, and the establishment of another place of residence with the intention to remain permanently, or at least for an unlimited time."). Moreover, the style of Rudd's affidavit indicates that it was executed in Barbour County, Alabama.

    c.    The affiant's (Dennis Rudd) statement in the second paragraph that "I am a witness to the fact that Jowel S. Nunn AIS# 204088, a pretrial detainee at the same location

4

(jail) did contract staph infection, as did myself, due to the deplorable conditions of the Geneva county jail, also, I am witness to the deliberate indifference to the serious medical needs of Jowel S. Nunn" constitutes an impermissible "conclusory argument,"[7] "bald conclusion"[8] and/or opinion.[9]

      d.    The Affidavit of Dennis Rudd does not state that it is based on personal knowledge as required by Fed. R. Civ. P. 56(e).

      e.    The Affidavit of Dennis Rudd does nothing more than repeat the allegations set forth in the Plaintiff's Complaint.

6.    Where an affidavit fails to comply with Rule 56(e), "the court need not strike the entire affidavit, rather it may strike or disregard the improper portions and consider the remainder of the affidavit." Thomas, 248 F. Supp. 2d at 1112 (citation omitted). Nevertheless, the "court may, on its own motion and without abuse of discretion, properly refuse to credit an affidavit clearly defective on its face." CMS Industries, Inc. v. L.P.S. Int'l, Ltd., 643 F.2d 289, 295 (5th Cir. 1981).[10]

7.    Although the Court may properly strike or disregard the offending portions of the affidavits submitted by the Plaintiff and consider the remaining non-offending portions of the affidavits, if the Court strikes the offending portions of the affidavits submitted by the Plaintiff, there will be virtually no substantive content left. The only arguably permissible material in either of the two affidavits is the statement that "on or about the 24 day of Feb., 2005 I was a pretrial detainee being held in the Geneva County jail under the care, custody and control of

---

[7] Thomas, 248 F. Supp. 2d at 1112.
[8] Williams, 916 F. Supp. at 1168 citing Evers, 770 F.2d at 986.
[9] See Fed. R. Civ. P. 56(e); Fed. R. Evid. 701 and 704.
[10] Decisions by the former Fifth Circuit issued before October 1, 1981 are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

defendant Gregg [sic] Ward." Consequently, the Defendant requests this Court to strike the Affidavit of Jowel S. Nunn and the Affidavit of Dennis Rudd in their respective entirety.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Greg Ward moves this honorable Court to strike the above-referenced evidentiary materials submitted by the Plaintiff.

**RESPECTFULLY SUBMITTED,** this the 20th day of September, 2006.

          s/C. RICHARD HILL, JR. (HIL045)
          DANIEL D. FORDHAM (FOR055)
          Attorneys for Defendant
          WEBB & ELEY, P.C.
          7475 Halcyon Pointe Drive (36117)
          Post Office Box 240909
          Montgomery, Alabama  36124
          Telephone:  (334) 262-1850
          Fax:  (334) 262-1889
          E-mail: rhill@webbeley.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 20th day of September, 2006, I electronically filed the Defendant's Motion to Strike with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Jowel S. Nunn
Ventress Correctional Facility
Post Office Box 767
Clayton, Alabama  36016

          s/C. Richard Hill, Jr.
          OF COUNSEL