IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 SEP 21 A 9:39

JOWELL S. NUNN,

    PLAINTIFF,

VS.                                CIVIL ACTION NO. 1:06-cv-452-MEF-CSC

GENEVA COUNTY COMMISSION, et al.,

    DEFENDANTS.

SUPPLEMENT

In the defendants special report the defendants claim that it is the policy of the Geneva County Sheriffs Department that persons incarcerated in the Geneva county jail be housed in humane and sanitary conditions. Also that on a daily basis, inmates are given cleaning materials in order that they may sanitize the living areas of the jail.

The plaintiff does not refute this contention of the defendants totally. It is the policy of the Geneva county jail staff to issue cleaning materials in the pre-dawn hours or early morning hours. The plaintiff complaint is that these so-called cleaning materials are simple basic house cleaning materials and are not designed to sanitize any area (house or jail) which is infected with extreme levels of mold and staphylococcus aureus bacteria.

The defendants further claim that "at any time, an inmate may request cleaning materials, and such cleaning materials are routinely provided by jail staff". This contention of the defendants is entirely wrong. Since the plaintiff was a inmate at the Geneva county jail, there has never been an instance where the jail staff routinely provided cleaning materials, other than once in the pre-dawn hours. The plaintiff requested on several occassions to be provided cleaning materials during the daylight hours, especially during and after showers are being taken

in the jail by inmates. Due to the fact that the jail is covered in health debilitating mold and also staphylococcus bacteria, the jail living area needs to be cleaned on a more frequent basis than once in the mornings. The mold has built up in the jail so bad the defendants tried, "unsuccessfully", to cover it up by painting over the mold. This is not the proper way to rid a building of mold, and it just gets worse by the day.

The defedants claim to have a contract with a local pest control company which provides pest extermination. The plaintiff knows nothing about this contract and has seen no pest control company at the jail. Perhaps teh defendant has been confused to think that the sheriffs offices are the jail living area.

Again, the plaintiff states that the requests of the plaintiff and other inmates of the jail for cleaning materials other than pre-dawn hours is catagorically denied or ignored, unless there is a spill of some sort during feeding time.

Due to the filth and mold in the Geneva county jail, the plaintiff avers that these conditions also led to the widespread infection of staphylococcus bacterias which was started by the jails admission of an infected inmated into the living area of the jail where the plaintiff and other inmates resided for a time.

The defendants here, attempt to paint a colorful claim that would tend to ask the court to believe that it is not necessary the plaintiffs rights are not violated. The defendants has offered citations Matthews v. Crosby and Kaucher v. County of Bucks. These citations do not give the defendants the right to violate the plaintiffs rights, but to the contrary, the United States Supreme court and the United States Constitution has guaranteed the plaintiff protection from the acts the defendants are guilty of committing. The plaintiff has shown a deliberate indifference to his serious medical needs by the defendant. The defendants knew or should have known that they were violating the rights established by the United States Constitution 8th amendment, by allowing and inmate to be admitted into the jail with staphylococcus bacteria and then after learning the inmate had staph, did nothing to remove this infected prisoner from the living area of the jail

and the only reason why defendant had the inmate removed was because the inmate infected with staph was saverely assaulted by other inmates after they found out the infected inmate was the source of the out-break of staphylococcus bacteria. The plaintiffs claims must prevail because a serious medical need was ignored after repeated complaints. The plaintiffs staphylococcus bacteria infection is serious and medical science proves that staphylococcus aureus bacteria is deadly and can cause serious physical impairment if not treated promptly and effectively. The plaintiff medical records show that the plaintiff did actually have present staphylococcus bacteria present when complaints were made and was not 'just' a cyst or sore. WILLIAMS V. WOOTEN 119 FED.APPX 625(5th Cir.2004).
It is also a rediculous contention of the defendant to claim the plaintiff didnt mention a particular strain staphylococcus bacteria that may be more faster to the kill than another strain, it makes no difference what strain it is, the staphylococcus bacteria is deadly no matter what strain a person has.
Wherefore the premises considered the plaintiff pray this honorable court shall grant him the relief he has requested and/or set a day for trial. The plaintiff has suffered at the hands of the defendants and plaintiff claims are valid and meritorious. The defendants jail is extremely filthy and is unconstitutional in its operation of such a filthy jail. The defendants do not provide cleaning material as they cliam. And the jail is covered in mold that causes health problems. The defendants answer to a major health issue such as staphylococcus bacteria was to buy a hot water heater, which any reasonable minded person would know is not the proper response to such a health issue. Done this 14 day of Sept, 2006.

_Jowel S. N_____
JOWELL S. NUNN                               PRO SE

CERTIFICATE OF SERVICE

I hereby certify that on the 14 day of Sept., 2006, I have served a true and correct copy of the foregoing **SUPPLEMENT** on the counsel for defendants by placing the same in the United States Mail postage pre-paid and properly addressed to the following:

RICHARD HILL JR.
WEBB AND ELEY PC
P. O. BOX 240909
MONTGOMERY ALABAMA 36124

DONE THIS 14 DAY OF Sept., 2006

_____
JOWELL S. NUNN            PRO SE