IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOWEL S. NUNN,

    PLAINTIFF,

VS.                                            CIVIL ACTION NO. 1:06 cv 452 MEF CSC

GENEVA COUNTY COMMISSION, et al.,

    DEFENDANTS.

## PLAINTIFF'S RESPONSE TO DEFENDANTS REPLY

Comes now the plaintiff in the above styled cause and offer this response to the defendant's reply dated the 20th day of September 2006.

1.        THE DEFENDANT'S ATTEMPT TO HAVE PLAINTIFF BARRED

BASED ON FAILURE TO COMPLY WITH THE PRISON LITIGATION

REFORM ACT MUST FAIL

The plaintiff complied with the Prison Litigation Reform Act (PLRA) when he submitted several inmate request forms for attention to his serious medical needs while confined to the Geneva county jail. There are no other forms of remedy at the Geneva county jail and the defendant's suggestion that the Alabama Board of Adjustment is a remedy is completely rediculous.

In the defendant's reply they cite Alexander v. Hawk 159 F3d @ 1326-27. The defendant interprets Alexander to suggest ; (a prisoner must exhaust all available administrative remedies even those that are futile or inadequate). This is clearly a mis-interpretation of 'Alexander'.

Although pre-amendment of PLRA provided for (such plain, speedy, and effective) administrative remedies as are avialable. Post-amendment of 42 USC § 1997e(a)(1), (amended 1996) instead, section 1997e(a) now provides that there be exhaustion of "such administrative remedies as are available". The United States Court of Appeals 11th

circuit has found that the term "available" in section 1997e(a) is used to acknowledge thatnot all prisons actually have administrative remedy programs. Alexander v. Hawk 159 F3d @ 1326. The Geneva county jail is such a prison and does not provide a administrative remedy program other than a request form to which the plaintiff used several times. See Defendants special report submitting as exhibits plaintiffs request forms. Further the Alabama Board of Adjustment is not a remedy since they only provide remedy for property loss. The plaintiff states that every allegation in his complaint is true and plaintiff made every available effort to exhaust those remedies that where available. The Defendant has not sufficiently demostrated that there exist at the Geneva county jail a remedy available to plaintiff and this claim of non-compliance of the Prisone Litigation Reform Act is due to be denied.

2.     THE DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGEMENT
             AND HIS REQUEST IS DUE TO BE DENIED

Plaintiff shows that a material issue of fact precluded summary judgement in favor of defendant where plaintiff has shown that Greg Ward and his staff failed to make proper medical assistance available and therefore denied plaintiff treatment for a serious medical need in violation of plaintiff clearly established rights to which a reasonable person should have known, such actions committed under color of state law. Defendant's misuse of power, possessed by virtue of the state law and made possible only because defendant is clothed with authority of state law, is action taken 'under color of that state law' making it an offense to deprive the plaintiff of his constitutional rights under color of any law. U. S. V. Classic 85 L.Ed.2d. 1368.

The defendant deprived the plaintiff of necessary treatment of staphylococcu bacteria after plaintiff made repeated complaints and made it known that there was a need. The defendant request for summary judgement on the ground of qualified immunity is due to be denied because (a) at the time of plaintiff medical need, the eighth amendment was clearly established and protected inmates from a deliberate indifference to serious mendical needs, (b) a jury question exists as to whether conduct of Greg Ward and Geneva county jail constitutes deliberate indifference thus precluding summary judgement on qualified immunity grounds; and (c) based on inmate request forms sent directly

or directed to Greg Ward, a jury question exists as to whether Greg Ward's conduct amounted to deliberate indiference to the plaintiff's serious medical needs for treatment of staphylococcus bacteria, pre-cluding the defendants request for summary judgement on the issues of qualified immunity.

The defendants' request for summary judgement on the issue of qualified immunity is due to be denied and the plaintiff requests an evidentiary hearing on the issues

3.     THE PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IS NOT DUE TO BE DENIED AND THE PLAINTIFF REQUEST FOR PUNITIVE DAMAGES IS NOT ABANDONED.

And as such it is held by the United States Supreme court that it will review the question whether a municipality (Greg Ward) may be held liable for punitive damages under 42 USCS § 1983, which created a federal remedy against a person who, acting under color of state law, deprives another of constitutional rights.

Plaintiff states that his request for punitive damages is to punish the 'tortfeasor' (Greg Ward) whose wrongful action was intentional and malicious. In MONELL VS. NEW YORK CITY DEPT. OF SOCIAL SERVICES 56 L.Ed.2d. 611, the court held that a local government was subject to suit as a "person" within the meaning of 42 USC § 1983 and that the municipal body was not wholly immune from civil liability.

However, the plaintif in this case is not suing a municipality but instead Greg Ward who is a person acting under color of state law who intentionally violated plaintiff constitutional rights while acting under said color of state law, and who's bad faith actions (Greg Ward) should not expose the municipality, but because Greg Ward was acting pursuant to an official policy or custom that showed a deliberate indiffernce to plaintiff serious medical needs , he is liable as a person and this is sufficient to meet the policy or custom requirement because Greg Ward as the sheriff is the final ploicy maker. MARSH VS. BUTLER COUNTY ALABAMA 225 F3d 1243; 268 F3d 1014.

The defendant's claims in this regard is due to be denied and plaintiff request an evidentiary hearing on the issues.

4.  SHERIFF WARD IS NOT PROTECTED BY ELEVENTH AMENDMENT IMMUNITY

The plaintiff states that the eleventh amendment does not insulate Greg Ward from suit for prospective damages or relief while he is guilty of violating the plaintiff clearly established right under the 8th amendment to the United States constitution. It is to remedy violations of ferderal constitutional law and to allow Greg Ward protection would amount to a mis-carriage of justice. In this case it is the individual and not the state which is being sued. When a state official acts unconstitutionally, he is stripped of his official character and eleventh protection. KENTUCKY VS. GRAHAM 87 L.Ed.2d. 114.

Under the doctrine of qualified immunity, Greg Ward would normally be shielded from liability for civil damages, as long as his conduct does not violate clearly established statutory constitutional rights. The defendant should have known that (a) maintaining a filth ridden jail and (b) admitting staph infected inmates into the living area would cause other persons in the area to become infected, was a clear violation of established statutory constitutional rights of plaintiff. This conduct violates violates clearly established statute and the defendant is ultimately liable for damages that his policy or custom created. Once these policies are established Greg Ward is not representing the state thus he is a 'person'.

The defendants special report clearly admits they knew that an infected inmate had been admitted and placed in the living area. Therefore the response to the defendants special report submitted by plaintiff shall stand as submitted and not be changed. Greg Ward violated teh plaintiffs rights when he denied adequate medical attention to the serious medical needs of plaintiff and thus is liable under §1983 and is not here insulated by eleventh immunity.

Finally, plaintiff states that defendant conduct (I) violated clearly established statute (II) plaintiff was deprived of his constitutional rights and said rights were clearly established at time of violation. There is a genuine issue of material fact and the defendants are not entitled to eleventh immunity. WALKER VS. BENJAMIN 293 F3d 1030.

5.                    PLAINTIFF HAS MADE NO ATTEMPT TO PLEAD

                   ANY ADDITIONAL ALLEGATIONS IN THIS MATTER

6.

The Unites States Court of Appeals (7th Cir.), has held that, and is accepted holding for all jurisdiction, that the in forma pauperis pro se litigants claims under §1983 are to be accorded liberal construction and a prisoner's proceeding in forma pauperis shaould not be dismissed for failure to state a claim unless it appears beyond doubt that prisoner can prove no set of facts in support of claim which entitled him to relief.

The defendants claim that the court construes in the light of the non-movant is mistaken interpretation. The court assumes that all factual allegations set forth in the complaint are true. United States VS. Gaubert 113 L.Ed.2d 335. Powell Vs. Lennon 914 F2d 1459 and construes all factual allegations in the light most favorable to the plaintiff.

Plaintiff's claims, construed liberally as they are, allege that Greg Ward violated his clearly established constitutional rights pursuant to the 8th amendment to the United States constitution. Where it is guaranteed that the plaintiff shall not be denied adequate medical attention for the serious medical needs he should incur while incarcerated in the Geneva county jail. The plaintiff's claims, on its face, is sufficient to carry this cause of action and the defendants claim is to be denied.

7.                   THE PLAINTIFF HAS NOT ABANDONED ANY ISSUE

                     BROUGHT FORTH IN THIS CLAIM AS ASSUMED

                                BY THE DEFENDANTS


8.       THE PLAINTIFF IS NOT BARRED BY THE DOCTRINE OF RES JUDICATA

Again, the plaintiff offers that the doctrine of res judicata typically, would bar a matter judicially acted upon or decided, in a final judgment rendered by a court of competent jurisdiction on the merits and is conclusive as to the rights of the parties or their privies, and , as to them, constitutes an absolute bar to a subsequent

action involving the same claim. This is not such a case, res judicata does not apply in this case at bar because the matter was never decided on the merits. Instead the matter was dismissed WITHOUT PREJUDICE. The claims of defendant that plaintiff is barred by res judicata is due to be denied and the plaintiff request a evidentiary hearing on the issue.

9.      THE DEFENDANTS REPONSE IS DUPLICIOUS AND MADE IN BAD FAITH

The defendant response is made in bad faith because they only repeat the same language in the special report. The plaintiff wishes this process to be as expediciously as possible and ex aequo et bono.

_____
JOWEL S. NUNN            PRO SE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING RESPONSE TO THE DEFENDANT BY PLACING THE SAME IN THE UNITED STATES MAIL POSTAGE PRE PAID AND PROPERLY ADDRESSED TO : WEBB AND ELEY P.C. , 7475 HALCYON POINTE DRIVE, P.O. BOX 240909, MONTGOMERY ALA. 36124    THIS ____ DAY OF ____, 2006