IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOWEL S. NUNN,

    Plaintiff,

vs.                              CIVIL ACTION NO. 1:06-cv-452-MEF-CSC

GENEVA COUNTY COMMISSION, et al.,

    Defendants.

## PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE

Comes now the plaintiff in the above styled cause and offer his reply to the defendants response dated the 20th day of September 2006.

On the 7th day of August 2006 the defendants submitted their special report to the court and the plaintiff was given until September 5th to respond to the special report. The plaintiff offered his response to the defendants special report as ordered. The plaintiff as a pro se litigant before this court, made specific arguments and claims against the Geneva county jail and its sheriff and those claims have not changed. After reading the defendants reply to the plaintiffs response, the plaintiff is of the opinion that the defendants are seeking to change the playing field.

The plaintiff do!ls not have to point out to this court of competent authority and jurisdiction that as a pro se litigant the plaintiff is to be held to less stringent standards as to those of a professional counselor. Perhaps the defendants do not know this and should be informed of such by the court. The plaintiff herein has made his claims and arguments based on the law and as a pro se litigant has offered the best interpretation or presentation of that law as possible.

In response to the defendants very colorful display of jargon, the plaintiff avers to the court that his previous answer to the defendants special report is unchanged and resubmitted without reiteration but will offer a brief summary in part:

1. The defendant Greg Ward is not intitled to Eleventh Amendment Immunity and the plaintiff claims as to Greg Ward are not to be dismissed. First Greg Ward created a policy that in turn violated the rights of the plaintiff by not allowing for the proper treatment of staphyloccocus bacteria causing the plaintiff to be infected and suffer conditions that are relevant to staph infection. The plaintiff further states that the his claims of recovery against the county and Greg Ward are based on the following:

   (a) a deliberate indifference to the substantial serious medical needs of the plaintiff.

   (b) a lack of any policy whatever to prevent infection of controllable infections and deseases in the jail, the segregation of prisoners infected nor any policy – screening prisoners for infections.

   (c) a complete failure to adequately staff, train or supervise employees officers, agents, to control the spread or development of deseases in the jail

2. It is undisputed that and Alabama Sheriff is an executive officer of this state and has been confirmed by Alabama Supreme court rulings, However the legislative history significantly and specifically is designed to guarantee the rights of prisoners, to ensure that a prisoner when in the hands of the sheriff, the prisoner comes to no harm. And only the unnecessary and wanton infliction of pain which implicates the eighth amendment is the claim of plaintiff for deliberate indifference to serious medical needs.

The plaintiff contends that sheriff Greg Ward is not entitled to immunity because he is liable for damages under §1983 for violations of federal law that have occured pursuant to an official policy or custom. The violations are not merely oversight or negligence. The violations are a violation of the federal right the plaintiff is entitled to and these conditions exist as a policy or custom in clear violation of Alabama Statute §11-12-15(a) and federal law 8th amendment USCA and which conduct is not official conduct that is part of the punishment formally imposed for a crime as opposed to conduct that does not purport to be punishment. The defednant cannot run and hide behaind immunity after violating protected rights of prisoners as the plaintiff. Any reasonable person would have known that the infection with staphyloccocus bacteria is a serious medical condition requiring immediate medical attention. The defendant knew that the plaintiff was infected as testified to in their special report, and as offered as exhibits in their special report where the plaintiff wrote several request forms to Greg Ward personally and wrote to Greg Ward through jail personel. Therefore it is the courts position to determine or employ a functional approach while looking to the nature of the official function, not the identity of the official actor or to his employment title. The plaintiff has offered his exhibits in the form of hospital records which in themselves refute the defendants claims that they didnt know the plaintiff had staphyloccocus bacteria. The plaintiff certainly didnt check himself into the hospital being that he was at the time a pre-trial detainee. Finally in regards to Immumity, the defednant is not entitled to immunity under the eleventh amendment because it protects all but the plainly incompetent or those who knowingly violate the law as the defendant has done. Under the doctrine of immunity, government officials are protected while performing discretionary functions, but the defendant cannot be shielded from liablity for civil damages insofar as their conduct does not violate clearly established statutory - constitutional rights of which a reasonable person shaould have known. MALLEY V. BRIGGS 98 LEd2d 271; HARLOW V. FITZGERALD 73 LEd2d 396; RICH V. DOLLAR 841 F2d 1558.

Secondly the plaintiff demonstrates for the court that it makes not difference that the plaintiff brought an action against the defendant previously, the point is that the previous action was never adjudicated on its merits and instead dismissed for non-prosecution. The reason the plaintiff didnt know the federal rules regarding §1983 and simply filed a form and thought that it would suffice. The paintiff is no longer of this finding and now seeks to have justice in the violations perpetrated against him in the Geneva county jail by Greg Ward through his policy in clear violation of established law.

Third the plaintiff offers that the defendants have no such other remedy available at the Geneva county jail therefore the plaintiff has exhausted all available and the suggestion that the Alabama Board of Adustment is a remedy is completely and entirely obsurd. The PLRA states that "no action shall be brought ... until such administrative remedies as are available are exhausted". The Geneva county jail offers no other remedy than a request form with outlaying boxes to be checked for medical, grievance etc.. This the plaintiff did on several occasion as evidenced by the special report of the defendants. 42 USC §1997 e (a). There is no evidence that congress intended to remove every aspect of the district courts' traditional equity jurisdiction. CRUZ V JORDON 80 F. SUPP. 2d 109 (S.D. N.Y. 1999)

Fourth, the plaintiff contends that the defendant is not entitled to summary judgement based on qualified immunity and defendant is liable because he knew of the violations due to his policy and plaintiffs numerous request form to defendant. see defendant special report. The plaintiff claims cannot fail because the claims have merit and are not melicious but instead are based on the violations enumerated in the plaintiff answer to the special report. Therefore the plaintiff stand by each and every submission he has submitted in his answer to the defendant special report. The reply the defendants have submitted is an attempt to sway the eminent justice that will prevail in these issues before this court.

                                                              _____
                                                              JOWELL S. NUNN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING PLAINTIFFS REPLY TO THE DEFENDANTS RESPONSE DATED THE 20TH DAY OF SEPTEMBER 2006, BY PLACING THE SAME IN THE UNTED STATES MAIL POSTAGE PRE-PAID AND PROPERLY ADDRESSED TO WEBB AND ELEY P.C. 7475 HALCYON POINTE DRIVE, P. O. BOX 240909, MONTGOMERY ALABAMA 36124, this 4th DAY OF Oct., 2006.

JOWEL S. NUNN