IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, #204088, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06-CV-452-TMH |
| ) | |
| GREG WARD, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On June 5, 2006, the Magistrate Judge entered a Recommendation that the plaintiff's claims against the Geneva County Commission be dismissed and that this defendant be dismissed from this cause of action. On June 19, 2006, the plaintiff filed an objection to the Recommendation. The law is well settled that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1288 (11th Cir. 1998). Thus, a county commission cannot be held liable for actions of the sheriff with respect to the operation of the county jail. *Id.* at 1292. Moreover, a county commission and its individual members are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the operation of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998). Accordingly, it is the

ORDER, JUDGMENT and DECREE of the court that:

1. The plaintiff's claims against the Geneva County Commission are DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The Geneva County Commission is DISMISSED as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against defendant Gregg Ward, are referred back to the Magistrate Judge for appropriate proceedings.

Done this 29th day of January, 2007.

_____Truman Hobb_____
UNITED STATES DISTRICT JUDGE