IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

Jowell S. Nunn,           *
                          *
    Plaintiff,            *
                          *
v.                        *     CIVIL ACTION NO. 1:06-CV-452-MEF-CSG
                          *
Greg Ward, et al.,        *
                          *
    Defendant(s).         *

## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND OBJECTION TO MAGISTRATE'S RECOMMENDATION AND REQUEST FOR EXTENTION OF TIME

Comes now the Plaintiff, acting pro se, and moves this Honorable Court for appointment of counsel pursuant to Federal Rules of Civil Procedure and further objects to the Magistrate's recommendation and requests for an extention of time. As good cause, Plaintiff shows the following in support of the request:

1.) Plaintiff contends that appointment of counsel is appropriate in the case at bar because Plaintiff's claims are factually and legally complex and that has created exceptional circumstances warranting counsel.

2.) Plaintiff contends that appointment of cousel is appropriate because he is a pro se prisoner, has made claims that are not frivolous nor malicious and because he has presented a colorable claim and does not have any legal knowledge of how to proceed after losing his legal assistant.

3.) Plaintiff contends that appointment of counsel is appropriate because (a) the type and complexity of the case; (b) plaintiff is an indigent litigant and is not capable of adequately presenting his case; and (c) Plaintiff cannot investigate adequately this case because the evidence will consist of conflicting testimony, thus requiring skill in presentation

and cross examination (See attached affidavit).

4.) Plaintiff objects to the Magistrate's recommendation to the extent that he has not had discovery into the Defendant's medical files and further, that there is evidence within those files that contraverts Defendant's claim the he acted in a timely manner to a serious medical condition where Plaintiff suffered needlessly for want of proper treatment.

5.) In addition, there are other inmates who have first hand knowledge of the timeliness in which Defendant's responded to the Plaintiff's claims of which the Plaintiff, doe to his incarceration has not been able to locate and take as affidavit or deposition from.

**WHEREFORE**, Plaintiff prays this Honorable Court will enter an Order causing appointment of counsel and further grant to the Plaintiff such discovery order to require Defendant to furnish to the Plaintiff **all** medical requests forms which are <u>legible</u> instead of blank forms with nothing on them. Plaintiff further prays for all such relief as this Court deems just and proper.

Dated this 21 day of April, 2007.

_____
Jowell S. Nunn, Petitioner

### AFFIRMATION

Affiant affirms that the foregoing is true to the best of his knowledge, information, and belief.

_____
Jowell S. Nunn, Petitioner

Dated this 21 day of April, 2007.

(2)

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of this Motion for Appointment of Counsel and Objection to Magistrate's Recommendation and REquest for Extention of time on the Defendant by placing a copy of the same in the United States mail box postage prepaid and properly addressed as follows on this 21 day of April, 2007.

Address Served:
C. Richard Hill, Jr.
Webb and Eley
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909 (36124)
Montgomery, AL

Jowell S. Nunn, Petitioner

(3)

## MOTION FOR APPOINTMENT OF COUNSEL

### BRIEF IN SUPPORT

This cause is before the Court with the recommendation from the Magistrate that the case be dismissed pursuant to Rule 56, F.R.C.P.

Previously, Plaintiff Nunn has filed a motion for appointment of counsel. That motion was denied by this Court having found that <u>up until that point the pleadings of the Plaintiff were in sufficient</u>.

In the case of **Branch v. Cole**, 686 F.2d 264, 266 (5th Cir.) the exact same circumstances occurred where plaintiff had previously had the assistance of a jail house lawyer (law clerk) who had filed and attempted to litigate plaintiff's case and at a later time had been transferred to another facility. In the above cited case the plaintiff had previously had the services of another inmate then through no fault of his own lost access to that inmate through institutional transfer.

However, this fact, as attested to in Plaintiff's affidavit, was not brought to this Court's attention when the Plaintiff previously filed for appointment of counsel.

Plaintiff would like to point to the four factors enumerated in **Ulmer v. Chancellor**, 691 F.2d 209 (5th Cir. 1982):

1. The type and complexity of the case.
2. Whether the indigent is capable of adequately presenting his case.
3. Whether the indigent is in a position to investigate adequately the case.
4. Whether the evidence will consist in a large part of conflicting testimony so as to require skill in the presentation of the evidence and in cross examination.

Plaintiff asserts that he has no legal training and has only participated in the preparation of his case to the extent of answering questions asked by his legal assistant, Darryl Belson, who has been transferred to another facility.

(1)

The Fifth Circuit, in **Jackson v. Dallas Police Dept.**, 811 F.2d 260, 262 (5th Cir. 1986) directed that the Court should make specific findings on each of the **Ulmer** factors rather than deciding the motion in a conclusionary manner. To this Plaintiff, with <u>no legal knowledge</u> whatsoever, this case is extremely complex and he simply must give up his case because there are no legal assistant's here at Ventress Correctional FAcility who are willing and able to assist him.

Plaintiff asserts that there are issues of <u>fact</u> indispute that Defendants have either withheld purposely or inadvertently omitted from the Special Report, such as "Medical Request Forms" that have a direct bearing on the timeliness in which Defendant's responded to Plaintiff complaints for medical attention.

In addition, there is the affidavit of Dennis Rudd that Defendants are in possession of which would lend support to Plaintiff's claims that defendants did willfully, knowingly and with malice aforethought subject Plaintiff to diseases.

Plaintiff further contends that if he had any legal training he would have known to specifically discover this affidavit of Dennis Rudd and could have presented it as evidence of Defendant's dereliction.

It is the contention of this Plaintiff that if he had the legal skills to obtain <u>discovery</u> of certain documents contained in Defendant's files, or the assistance of a trained attorney. he could prove Defendant's claims are untrue.

The High Courts have consistently held that summary judgment prior to completion of discovery is not to be had while issues of material fact are before the Court.

(3)

Plaintiff asserts that the claims of the Defendants that they installed sanitizing stations in the jail is <u>simply not true</u>. He further states that one small bottle of germicidal soap to be shared among 12 to 20 inmates fell far short of adequate.

Summary judgment is inappropriate at this time with it being that these are issues of material fact which could be resolved through the appointment of counsel and proper discovery. And a miscarriage of justice will continue if Defendant's are allowed summary judgment simply because they have representation and the Plaintiff does not.

**WHEREFORE,** Plaintiff moves this Honorable Court to appoint counsel, grant discovery for Plaintiff and hold summary judgment is abeyance until Plaintiff has time and opportunity to litigate this case.

/s/ Jowell S. Nunn
Jowell S. Nunn, pro se

(4)

STATE OF ALABAMA
COUNTY OF BARBOUR

### AFFIDAVIT

Before me, a notary public in and for said County and State, personally appeared Jowell Nunn, and after being duly sworn, deposes on oath and says:

My name is Jowell Nunn. I am over the age of twenty-one years and have personal knowledge of the facts listed herein.

I state that at all time pertinent hereto, I have relied solely upon the assistance of a "jail house lawyer" and have no legal skills to proceed with this case without the appointment of counsel.

I further state that the inmate "jail house lawyer" who first assisted me in this case has been transferred to another facility within ADOC and that I am unable to find anyone who has the skill or inclination to assist me.

I further state that the inmate who assisted me in filing the attached motion for appointment of counsel is unwilling to lend further assistance for good reasons known only to himself.

Further affiant sayith not.

the affiant affirms the foregoing to be true to the best of my information, knowledge, and belief.

Dated this 23 day of April 2007

Henry K. Holtzclaw
Henry K. Holtzclaw
witness

Harvey D. Arrant Jr.
Harvey D. Arrant Jr.
witness

Subscribed and sworn to before me this _____ day of April, 2007.

_____
Jowel S. Nunn
Jowel S. Nunn

_____
Notary Public

_____
Comm. Exp. Date

Your Honor,
We have recently been having problems with our notary here at Ventress Corr. Fac. She has become irrational and unreasonable. She refused to notarize my legal work. After I explained my deadline, so I have had my affidavit witnessed by two inmates if this is unacceptable. Please let me know so I can take whatever action is necessary.

Jowel S. Nunn
Jowel S. Nunn

NAME Jowell S. Nunn    AIS # 204088    DORM # E4
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

36101+0711-11 B007

Clerk
United States District Court
P.O. Box 711
Montgomery, AL
36101-0711