IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:06-cv-452-TMH-CSC |
| | ) |
| GENEVA COUNTY COMMISSION, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT'S RESPONSE TO COURT'S ORDER

COMES NOW Geneva County, Alabama Sheriff Greg Ward, Defendant in the above-styled cause, and responds to the Court's May 11, 2007 Order (Doc. 34) as follows:

1. On May 11, 2007, the Plaintiff filed a Motion for Production of Document from File of Jailed Inmate requesting the Court to compel Defendant Greg Ward to produce an "'affidavit' from the County jail administration or Booking Room of inmate Dennis Rudd which plaintiff and several other inmates signed and had notarozed [sic] stating that the Sheriff (Defendant) Ward acted with gross negligence,deliberately [sic] in segregating Inmate Rudd from the rest of the inmates after repeated notices of the inmate had a (staph infection) [sic]." Doc. 33, p. 2.

2. That same date, this Court issued an Order granting Plaintiff's Motion for Production of Document from File of Jailed Inmate. See Order (Doc. 34).

3. A review of the jail files of the Plaintiff and Dennis Rudd have disclosed no "affidavit" or other document similar to the one described by the Plaintiff in his Motion for Production of Document from File of Jailed Inmate.

4.      Attached to the Plaintiff's Complaint, however, is an affidavit executed by Dennis Rudd. See Exhibits to Complaint (Doc. 1-2), p. 4. This affidavit of Dennis Rudd is the only document located by Defendant Ward that matches the description in the Plaintiff's Motion.

5.      Further, it is unclear how the document presently sought by the Plaintiff will, as he claims, aid him in showing deliberate indifference. See Plaintiff's Motion for Production of Document from File of Jailed Inmate (Doc. 33), p. 1. As noted above, the Plaintiff seeks the affidavit of Dennis Rudd "stating that the Sheriff (Defendant) Ward acted with gross negligence,deliberately [sic] in segregating Inmate Rudd from the rest of the inmates after repeated notices of the inmate had a (staph infection) [sic]." Id. at p. 2. It is inconceivable how Defendant Ward's alleged decision to *segregate* Inmate Rudd from the rest of the inmates after allegedly learning that Inmate Rudd had a staph infection could constitute gross negligence or deliberate indifference. See Matthews v. Crosby, 2006 WL 1529568, *6 (N.D. Fla. 2006) ("Plaintiff has failed to establish how being housed with other infected inmates, or mingling with non-infected inmates, posed a risk to *his* future health, as he was already infected, and he has alleged no facts suggesting his condition worsened after he was placed in the segregated dormitory instead of the infirmary."). In fact, Sheriff Ward's purported decision to prevent an inmate with a staph infection from interacting with other inmates would represent an entirely prudent course of action.

6.      Additionally, the affidavit of Inmate Rudd would be of no value to the *Plaintiff's* case because there is no evidence that Inmate Rudd was actually diagnosed as having a staph infection. A prisoner's self-diagnosis alone will not support a medical conclusion. Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994); see Aswegan v. Henry, 49 F.3d 461, 465 (8th Cir. 1995) ("when the inmate alleges a serious medical need either for treatment or to avoid certain

conditions, the cases do not allow courts to accept an inmate's bare assertion of his or her serious medical condition without medical evidence verifying that the condition exists."); Williams v. Nicholson, 20 Vet. App. 452, *3 (Table) (Vet. App. 2006) (finding that expert medical evidence was necessary to establish the etiology of plaintiff's disabilities and concluding that "because he is not competent to provide such medical evidence, Mr. Williams' statements concerning the etiology of his alleged disabilities are insufficient to demonstrate the in-service incurrence of those disabilities"); Radi v. MacDonald, 2006 WL 2604680, *4-5 (D. Mont. 2006) ("Without medical evidence to support a realistic theory of how he contracted hepatitis C, Radi cannot maintain a claim on that basis."); Buchanan v. McCool, 2006 WL 3044446, *14 (E.D. Tex. 2006); see also Harrison v. Barkley, 219 F.3d 132, 141 n.1 (2d Cir. 2000) (noting that plaintiff-inmate's affidavit offering his self-diagnosis was "highly unlikely" to be competent and based on personal knowledge).

      **RESPECTFULLY SUBMITTED** this the 15th day of May, 2007.

                              s/C. Richard Hill, Jr.
                              **C. RICHARD HILL, JR. (HIL045)**
                              **DANIEL D. FORDHAM (FOR055)**
                              Attorneys for Defendant Greg Ward
                              WEBB & ELEY, P.C.
                              7475 Halcyon Pointe Drive (36117)
                              Post Office Box 240909
                              Montgomery, Alabama  36124
                              Telephone:  (334) 262-1850
                              Fax:  (334) 262-1889
                              E-mail: rhill@webbeley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 15th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the same, by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Jowel S. Nunn
Ventress Correctional Facility
Post Office Box 767
Clayton, Alabama  36016

                                            **s/C. Richard Hill, Jr.**
                                            **OF COUNSEL**