IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2007 JUL -2  A 10: 25

| | |
|---|---|
| JOWELL S. NUNN, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| GREG WARD, | ) |
| Defendant. | ) |

CASE NO.1 :06 cv 452 —MEF

(WO)

## SUPPLEMENTAL OBJECTION TO MAGISTRATE JUDGE RECCOMENDATION

Nunn filed a 42 U.S.C. §1983 action alleging that Sheriff Greg Ward ("Ward") acted with deliberate indifference by failing to provide adequate medical treatment for a staph infection during his confinement in the Geneva County Jail. Nunn contended thathe was intentionally subjected to unconstitutional condictions of the jail during his confinement. Upon the Sheriff (Ward) filing his special report and inadequate supporting document material addressing Nunns Claims for relief the Magistrate Judge reccomended that Nunns Claims be dismissed,and Sheriff Ward moved the court for summary dismissal.

Although the Magistrate contended that Ward was familiar with Nunn and his various encounters with the law enforcement of that county,nonetheless (Ward) had an Duty to make sure that Nunn incarceration period in the Jail was safe,and that the adequate health and security measures were met while Nunn was incarcerated.

The Magistrate contends that because Ward denies that Nunn was subjected to "deplorable" and "Foul" condictions of confinement during his incarcerations the claims are due to be dismissed because Nunn has presented no actual "proof" that Ward acted "deliberately to prevent Nunn from becoming infected with the staph virus to which Nunn complains of in his initial Complaint " Nunn contends otherwise,and thus

1

vehemitely objects to the reccomendation that the action be dismissed and
that summary judgment be awarded to the Defendant (Ward").Nunn would show that
he has met his burden of proving deliberate indifference for the Defendant
delay,and failure to adequately and effeciently provide the necessary treatment
needed to prevent the condiction of the staph infection  which Nunn had contra-
cted,    only after the Sheriff deliberately placed an infected inmate into the
same unit as Nunn and others which were not already infected with the staph
infection. 2006 U.S. District LEXIS 72635 Lane V. Harris County Jail Med.Dept
October 5,2006 "The deliberate standard has both an objective and subjective
component.See Farmer V. Brennan,511 U.S. 825,834,114 S.Ct 1970,128 L.Ed 2d 811
(1994) To establish indifference under this standard,the prisoner must show that
the defendants were both (1) Aware of facts from which aninference of an
excessive risk to the prisoners health or safety could be drawn, and (2) that
they actually drew an inference that such harm existed. See Farmer,511 U.S. @
837. Harris V. Hegmann, 198 F.3d 153,159 (5th Cir.1999) Under the subjective
prong of this analysis, a prison official acts with deliberate indifference
"only if [(a)] he knows a inmate faces a substantial risk of serious bodily
harm and [(b)] he disregards that risk by failing to take reasonable measures
to abate it. Gobert- F.3d at 2006 U.S. App. LEXIS 22216 2006 WL 2474846 *2
(Quoting Farmer,511 U.S. At 847)

   Ward knew of the inmate that was processed into the jail with the infection
of staff but failed to adequately,and timely to segregate the contaminated
inmate from the Plaintiff Nunn,and other inmates that were not already infected
and this was Proved as alleged by Nunn in his complaint.

   ALthough The fifth Circuit has stated that the deliberate indifference
standard is an"extremely high" one to meet Domino V. Texas Department of Criminal
Justice,239 F.3d 752 756 (5th Cir 2001) Unsuccessful medical treatment acts
of negligence,or medical malpractice, does not  constitute a deliberate indiffer-
ence,nor does  a prisoners disagreement with his medical treatment absent

exceptional circumstances. A showing of deliberate indifference requires
the prisoner to submit evidence that prison officials "refused to treat him,
ignored his complaints,intentionally treated him incorrectly,or engaged in
any similar conduct that would clearly evidence a wanton disregard for serious
medical needs. Id. (Citations omitted)

Nunn has presented the only evidence that he had,(i.e. requests slips, affidavits
complaint) to which he can adequately satify the requirement of meeting the
burden he has to meet on deliberate indifference which the sheriff failed to
provide him proper,and adequate medical treatment in a timely fashion to
prevent the spread,and worsening of his medical condiction which resulted to
injury of the arm on Nunn . Vaughn V. Stone ,2004 U.S. Dist.Lexis 7357
Jail officials must provide "human condictions of confinement ensuring that
inmates recieve adequate food,clothing,shelter,medical care,and hygeine.
Palmer V. Johnson, 193 F.3d 346 (5th Cir. 1999)

    Nunn alleges that due to the unsanitary condictions in the jail and the
Sheriff untimely actions he contacted a staph infection,along with other inmates.
To prevail on a claim concerning the denial of medical attention,an inmate must
show that at a minimum that jail officials have acted  with deliberate
indifference to serious medical needs. Estelle V. Gamble,429 U.S. 97 (1976)
Taylor V. Adams,221 F.3d 1254 (11th Cir.2000)
Although Nunn filed a motion for appointment of counsel, this court denied the
request,therefore Nunn has had to solely rely upon jail house litigators to
support him in Arguring that he was denied adequate medical treatment by the
named defendant,which this court has stated that he has failed to prove by a
preponderous of the evidence which he could not have compelled the court to
produce pro se. 2006 U.S. App Lexi 24527 Suggs V. United States Sept. 28,2006
We review the denial of a plaintiffs motion for appointment of counsel for
abuse of discretion. Bass V. Perrin,170 F.3d 1312 (11th Cir.1999) A plaintiff
in a civil case has no right to appointed counsel. Id at 1320 The decision is

3

with in the district court discretion,and the court should appoint counsel only in exceptional circumstances.Dean V. Barber,951 F.2d 1210 (11th Cir.1992) The key is whether the pro se litigant needs help in presenting the essential merits if his or her position to the court.Kilgo V. Ricks,983 F.2d 189 (11th Cir.1993)

In Scott V. Brown 2007 U.S. District LEXIS 10267 The plaintiff contended that the defendnats (1) housed serious illed inmates with unsuspecting healthy ones including himself,(2)violated a court order that addressed the jail deficient policies in this regard,(3)-(4) prevented inmates from properly sanitizing their living areas and themselves in order to prevent the spread of infection (5) failed to provide adequate plumbing which facilitated the spread of infection due to "standing water insinks for months" The court concluded that the plaintiffs claims be allowed to proceed as in any other civil action against Sheriff Brown,and his cheif Jailer with respect to the condictions as the Dekalb County Jail that allegedly caused the plaintiff to contract a staphylococcus infection.

Plaintiff condiction are the same and thus this court should not grant summary judgment for the defendants but instead deny the motion for the granting of summary judgment of the defendant because the plaintiff has stated a genuine issue of material fact of law. Skritch V. Thornton,280 F.3d 1295 (11th Cir.2002) Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed R.Civ. Pro. 56 (c)

Plaintiff has alleged a genuine issue on a material fact of law and the summary judgment is not appropriate at this stage of the proceedings. Plaintiff has proved by the evidence (i.e. documents, medical requests) and pleadings that the defendant (Sheriff Ward) was aware of that a grave risk of the staph infection was in the jail,and would spread if he failed to [q]uarintine the infected inmate to which was bought to his attention by the Plaintiff Nunn and several other inmates housed in the jail;prior to placing him in segregation and getting treated for the staph infection that was made known prior to the infected inmate being housed in general population with plaintiff Nunn and other uninfected inmates.

   As noted for the record the defendants have failed to follow the [Order] given by this Court on 4/26/07 ¶2. "The defendant failed to provide [legible] copies of all medical requests and [visible copies] of any relevant material that was plain and relevant to the claim of  deliberate indifference  to the plaintiff.The dates on the medical requests were highly crucial to the plaintiff claims as the dates would support that the defendant was negiglent,and inadquately in segregating the [3]infected inmate,which was basically deliberately ignoring the complaints of the plaintiff,whereas the complaint showed the dates,time and most of the main reasons of the requests that were deliberately ignored by the plaintiff.

   The request slip form Nunn made to the Sheriff were made and adequately placed in the administrators,officals, hand for the sheriff to seperate the infected inmate from the non infected inmates which the sheriff neglelected too do. Dennis V. A.H. Robbins Co, 860 F.2d 871 ,872 (8th Cir.1998) (Holding that a district court retains the power to dismiss a case for failure to comply with the court rules ,despite the fact of wheter judicially or otherwise.) Here the defendants failed to comply with the orders of the court and thus summary judgment is due to be denied   `,as the defendants has failed to comply with the order of the court by failing to provide the documents requested by the defendant,and Ordered by the court.

   **Based upon the foregoing Plaintiff alleges that the Magistrate reccomendation should not be adopted by the court and that summary judgment should be denied on the defendant and further action taken by this court.**

In summary, the defendants has previously filed their "Special Report" alledging that Plaintiff Nunn has failed to state a claim upon which relief may be granted.

Nunn asserts that the time frame as alledged by the defendant is a misrepresentation of the true facts.

Defendant claims Nunn's first complainted of pain in his arm was sent to Jail officials on June 2, 2005.

Nunn contends that this allegation is not true and that the defendant has removed, deleted, or otherwise altered jail medical request forms to suit a time frame of June 2, 2005 to June 6, 2005 which defendant asserts was timely. And did not constitute an unnecessary delay in obtaining medical treatment.

However, the medical request forms submitted as discovery appear to be altered to show a proper response by Jail officials, particularly the top of the request forms in the space where the inmate dates the form and states his complaint, as anyone can see the top of the forms are illegible while the bottom of the form is dated by jail personnel is perfectly clear. This appears to be a self-serving attempt to perpertrate a fraud.

Nunn asserts that he sent numerous requests before his complaint was ever responded to and medical treatment rendered.

Nunn now offers the affidavit of Dennis Rudd (filed herewith). Rudd's affidavit is dated Feb. 15, 2005 and notarized. It indicates that the Plaintiff was exposed to staph by the defendant as early as Feb. 15, 2005. With it further being notice was given that the inmate Dennis Rudd was in fact infected with not only staph but also Hepatitis C. But still defendant took no action to protect Nunn and the other inmates, until the situation culminated in inmate Dennis Rudd being beaten and having spleen ruptured

as a direct result of the failure of the defendant to take appropriate action to protect inmates under his control and in his custody, whom he owed a duty to provide a clean and safe environment.

Filed herewith is 4 separate affidavits which conclusively show that the defendant had prior notice of the conditions and the situation which existed at the time of Plaintiff's incarceration and is the proximate cause for this action.

Plaintiff further contends that defendant's failure <u>after</u> notice shows his wantoness, malice, and evil intent to deprive the defendant of his constitutional rights to be properly housed and protected from contagious diseases.

In addition, Plaintiff files the medical records of Dennis Rudd, and the medical records of Plaintiff Nunn, which clearly show that both inmates were treated for staph infections.  (See medical records attached.)

Further, the affidavits establish that the jail officials did not provide proper cleaning supplies and jail conditions were such that would cause staph even had Plaintiff not been deliberatedly infected.

All the affidavits and medical records conclusively show that there now exists a "genuine issue of material fact" pursuant to **<u>Farrow v. West</u>**, 320 F.3d 1235 (11th Cir. 2003).

In conclusion, Plaintiff asserts that summary judgment is not applicable while discovery is pending and where genuine issues of material fact are the basis for jury questions.

Respectfully submitted this 27th day of June, 2007.

Jowel S. Nunn

_____
Jowel S. Nunn

Affiant affirms that the foregoing is true and correct to the best of his information, knowledge and belief.

Jowel S. Nunn

Dated this 27th day of June, 2007    Jowel S. Nunn

<u>Certificate Of Service</u>

I hereby do certify that I have on this the **27th** day of **June** 2007 served a copy

of the foregoing on all parties involved in this instant actin by placing a

copy of the same in the institutional mail located herein the Ventress Correctional

Facility located in Clayton,Alabama by was of postage prepaid in the U.S. Mail.

addressed as follows.


Webb & Eley, P.C.
7475 Halcyon Drive
P.O. Box 240909
Montgomery, AL  36124

JOWELL NUNN
VENTRESS CORRECTIONAL FACILITY
P.O. BOX 767
CLAYTON,ALABAMA 36016

8

```
PRINT DATE: 06/07/05         Wiregrass Medical Center                              PAGE    1
Ed Benak M.D.                1200 W. Maple Ave                                      01D0304961
Medical Director             Geneva, AL 36340-1642                                 CLIA Number
        TIME: 13:10          LABORATORY --- CUMULATIVE REPORT                       H5LACUMV

NAME.: NUNN JOWEL
ACCT#: 513688                SEX.......: M
ROOM.: E.R.                  AGE.......: 28 Y                    PHY..: KRAFT KURT D
                - NO PENDING ORDERS   DOB.......: 01/08/1977     ADMIT: 06/04/05
                             PAT. PHONE: 3348989907              MR#..: 422847896
```

## MICROBIOLOGY

```
     --ORDERED--    --COLLECTED--     --REC'D--     --RESULTED--      --VERIFIED---
      6/04/05 1724   6/04/05 1724                    6/07/05 1058      6/07/05 1058
        CGB            TB            6/04/05 2157      LJL               LJL
                                      DD
```

CULTURE MISC. SOURCE

SPECIFIC SITE:      L ARM WOUND

```
------------------------------ M I C R O B I O L O G Y   R E P O R T ----------------- ** FINAL **
                   Antimicrobial Susceptibility and Organism Identification Report
              Specimen Number  : 50707                    Requested : 06/04/05
              Specimen Source  : MISC. CULTURE            Collected : 06/04/05  17:24
              Ward of Isolation : NURSING EMERGENCY ROOM  Received  :  / /   00:00
              Requesting Physician : KURT D. KRAFT
--------------------------------------------------------------------------------------------------
                          Patient/Specimen Tests and Comments
--------------------------------------------------------------------------------------------------
       Specimen Comments
       ------------------------------------       ------------------------------------
       HEAVY GROWTH ISO#1
       COAGULASE POSITIVE STAPH
--------------------------------------------------------------------------------------------------
                                   Organisms Identified
----------   ------------------------------------        --------
* 01       Staphylococcus aureus                         06/07/05
           Comments
           ------------------------------------          ------------------------------------
           This S. aureus does not demonstrate inducible clin
           damycin resistance in vitro.
------------------------------ M I C R O B I O L O G Y   R E P O R T ----------------- ** FINAL **
                   Antimicrobial Susceptibility and Organism Identification Report
--------------------------------------------------------------------------------------------------
Isolate 01    Staphylococcus aureus
--------------------------------------------------------------------------------------------------
                             Staphylococcus aureus
DRUG                         MIC     Interp
---------------              ---     ------
Amp/Sulbactam               <=8/4     S
Ampicillin                    2       BLAC
Amox/K Clav                 <=4/2     S
Azithromycin                  4       I
Chloramphenicol             <=8       S
Ceftriaxone                 <=8       S
Clindamycin                 <=0.5     S
Cefotaxime                  <=8       S
Cefazolin                   <=8       S
Ciprofloxacin               <=1       S
Erythromycin                  4       I
Gatifloxacin                <=2       S
Gentamicin                  <=4       S
Imipenem                    <=4       S
Levofloxacin                <=2       S
```

PRINT: 06/07/05 13:10    **NUNN  JOWEL**

                                                                   057 Page:    1 CONTINUED

              LEGEND:  L-Low, H-High, C-Critical, A-Abnormal, *E*-Error

```
PRINT DATE: 06/07/05 057          Wiregrass Medical Center                    PAGE    2
Ed Benak M.D.                      1200 W. Maple Ave                          01D0304961
Medical Director                   Geneva, AL 36340-1642                      CLIA Number
      TIME: 13:10                  LABORATORY --- CUMULATIVE REPORT           H5LACUMV


NAME.: NUNN JOWEL                  SEX.......: M                              PHY..: KRAFT KURT D
ACCT#: 513688                      AGE.......: 28 Y                           ADMIT: 06/04/05
ROOM.: E.R.          - NO PENDING ORDERS  DOB.......: 01/08/1977              MR#..: 422847896
                                   PAT. PHONE: 3348989907
```

## MICROBIOLOGY

```
Linezolid                 <=2          S
Moxifloxacin              <=2          S
Oxacillin                 <=0.25       S
Penicillin                8            BLAC
Pip/Tazo                  <=4          S
Rifampin                  <=1          S
Trimeth/Sulfa             <=2/38       S
Tetracycline              <=4          S
Vancomycin                <=2          S
                                       B-Lactamase Positive
```

```
S = Susceptible          CC = Cost Code        N/R = Not Reported       BLac = Beta Lactamase Positive
I = Intermediate         MIC = mcg/ml (mg/L)    --- = Not Tested        TFG = Thymidine-dependent Strain
R = Resistant                               Blank= Data not available, or drug not advisable or tested
For Blood and CSF Isolates, a Beta-Lactamase test is recommended for Enterococus species.
IB appears in place of S, I (S), +, ++, or +++ with species known to possess inducible B-lactamases; potentially they may become
resistant to all B-lactam drugs.  Monitoring of patients during/after therapy is recommended.  Avoid other/combined B-lactam drugs.
(a) Use maximum doses of drug with an aminoglycoside for P. aeruginosa in patients with granulocytopenia or serious infections.
(b) Breakpoints based on parenteral dose.  For cefuroxime Axetil (PO) use <8=S, 8-16=I, >16=R.
(c) For streptococci (including enterococci), Micrococcus species, and Listeria species, refer to the Ampicillin interpretation.  If
    Ampicillin results are unavailable, refer to Penicillin.  If Pen result is resistant, test Ampicillin using an alternate method.
```

```
Interpretations based on NCCLS M7-A3.  Pip/Tazo for streptococci and enterococci based on manufacturer's breakpoints.
```

```
Tech :  _____          Source    : MISC. CULTURE        ID # : 513688              ** FINAL **
Report Date :  /  /   :           Collected : 06/04/05  17:24
```

```
---- --------------  .------------------------------------------------
MEDICAL RECORD
-------------------------------------------------------------------
                                                    Progress Notes
------------------------------------------------------------------
NOTE DATED: 01/18/2005 08:02  MEDICAL RECORD - DISCHARGE INSTRUCTIONS
ADMITTED: 01/12/2005 12:40 T4A-3PSY
MEDICAL RECORD - DISCHARGE INSTRUCTIONS
```

Date of Admission:    JAN 12,2005 12:40

Date of Discharge:JAN 18,2005

Type of Discharge:OPT-NSC


1. Discharge Diagnoses:AXIS 1.MOOD DISORDER NOS.
                       AXIS 2.NIL
                       AXIS 3.LEFT INDEX FINGER INFECTION.
                       AXIS 4.MODERATE.
                       AXIS 5.GAF 65.

2. Plan for Follow-up Care (Follow-up Appointment):DOTHAN VA CLINIC.

3. List Discharge Medications and Instructions: QUETIAPINE TAB  300MG
MUDRAGAD,S
    08:01       TAKE ONE TABLET BY MOUTH AT BEDTIME FOR  STAFF PSYC
                NERVES STAT
                Quantity: 30 Refills: 2
    SRM
                          Typ:ELECTRONICALLY ENT  Sgn:ELECTRONIC
01/18/05 p    TRAMADOL TAB  50MG
    08:01     TAKE ONE TABLET BY MOUTH TWICE A DAY FOR       "
              PAIN STAT                                      "
              Quantity: 60 Refills: 0
    SRM
                          Typ:ELECTRONICALLY ENT  Sgn:ELECTRONIC
01/18/05 p    HYDROXYZINE PAMOATE (VISTARIL) CAP,ORAL
    08:01     25MG                                           "
              TAKE 1 CAPSULE BY MOUTH THREE TIMES A          "
              DAY FOR NERVES OR ALLERGIES STAT
              Quantity: 90 Refills: 2
    SRM                   Typ:ELECTRONICALLY ENT  Sgn:ELECTRONIC
01/18/05 p    GATIFLOXACIN (TEQUIN) TAB  400MG
    08:01     TAKE ONE TABLET BY MOUTH EVERY DAY FOR         "
              INFECTION (DON'T TAKE WITHIN 4 HRS OF          "
              ANTACIDS,MULTIVITAMINS,IRON OR ZINC
              PRODUCTS) STAT for 14days
              Quantity: 9 Refills: 0
    SRM                   Typ:ELECTRONICALLY ENT  Sgn:ELECTRONIC

4. Specific Treatment Procedures (Self Care Instructions):

-------------------------------------------------------------------
                  ** THIS NOTE CONTINUED ON NEXT PAGE **
-------------------------------------------------------------------
RUDD,DENNIS DONALD         CAVHCS(TUSKEGEE/619A4)    Printed:01/18/2005 10:53
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 DOB:01/12/1960Pt Loc: T4A-3PSY  306-B-T4A3        Vice SF 509
-------------------------------------------------------------------
```

I Dennis Rudd, have been diagnosed with Staph infection & Hepatitus "C". The jail admin. Carl Rowe and Sheriff Greg Ward was aware of my medical condition. I was held in isolation for Seven hours prior to being put into general population, because of my illness. By being placed in the general population, I feel this has placed each and every man on the left sides health in jeopardy. I have visable open wounds on my hands and body.

Respectfully,

~~Done this~~ ~~day of~~ ~~2005~~

Subscribed + Swarn to before me this 15th day of Feb. 2005

Witness's

1) _____

2) _____

Cinnah R. Thomas
Notary Public
C/E 8/1/05

STATE OF ALABAMA
COUNTY OF BARBOUR

## AFFIDAVIT

    Before me, _Carolyn Longmire_ , a notary public in and for said County And State, personally appeared __Jowel Nunn__ and duly sworn deposed and says on oath the following:

    My name is Jowel S. Nunn.  I am over the age of twenty-one years of age.

    I am an inmate in the custody of the Alabama Department of Corrections housed at Ventress Correctional Facility.  I was a pre-trial detainee under the care and custody of the Geneva County, Alabama authorities.

    I make this affidavit pursuant to the provisions of the Code of Alabama, 1975, and the Federal Rules of Civil Procedure.

    I was an inmate housed in the Geneva County Jail on or about May 16, 2005.  I had a bump to appear on my arm which concerned me at that time. I made a request to see the medical doctor but my request was to no avail. After multiple requests to seek medical attention about a 1 and 1/2 inch hole on my arem, it wasn't until June 6, 2005 that finally I went to the emergency room.  the medical doctor at the emergency room later determined that I had contracted a case of heavy staph infection which could have been prevented if I would have gotten the proper medical attention needed on or about May 16, 2005.

    I hereby declare that under penalty of perjury the facts stated in this affidavit are true and correct to the best of my knowledge and under-standing.

    Further affiant sayith not.

## NOTARY BLOCK

Subscribed and sworn to before me this

_27_ day of June, 2007.

_Carolyn Longmire_
Notary Public
My Commission Expires August 21, 2007

---

Comm. Exp. Date

STATE OF ALABAMA
COUNTY OF BARBOUR

## AFFIDAVIT

**BEFORE ME,**   Carolyn Abercrombie          , a notary public in and for
said County and State, personally appeared      Harvey D. Arrant     ,and
being duly sworn, deposed and says on oath the following:

My name is Harvey D. Arrant.  I am over the age of twenty-one years.

I am an inmate in the custody of the Alabama Department of Corrections.
I was a pre-trial detainee under the observation and care of the Geneva County,
Alabama authorities.

I make this affidavit pursuant to the provisions of the Code of Alabama,
1975, and Federal Rules of Civil Procedure.

On several occasions I was incarcerated in the Geneva County, Alabama
Jail.  Before and after the restoration of the jail, I was a trustee and
cleaning, mopping, and such daily chores was my job.  Even though the jail
to the eye looked and smelled clean it wasn't.  It was common for the sewage
to back up into the cells and leave bacteria and human waste behind, even
though it was cleaned up.  The cleaning agents and amount that I was to use,
by the order of the officers and staff was not adequate for the amount of
square feet, and the number of inmates confined in this small area.

Several inmates did in fact have some type of staph infection and I
fed these inmates.  The foregoing facts were a main contributor to the infest-
ation of staph bacteria on the inmates in the Geneva County, Alabama Jail.

I hereby declare under the penalty of perjury that the facts stated
in this affidavit are true and correct to the best of my knowledge, belief
and understanding.

Further affiant sayith not.

*Harvey D Arrant jr.*

Subscribed and sworn to before me this

12th day of   June   , 2007.

*Carolyn R. Abercrombie*
                 Notary Public

My Commission Expires August 18, 2007

Comm. Exp. Date

STATE OF ALABAMA
COUNTY OF ST. CLAIR

## AFFIDAVIT

BEFORE ME, ___*Pkes Wilkins*___ , a notary public in and for
said County and State, personally appeared ___*David Wayne*___ ,
and being duly sworn, deposed and says on oath the following:

My name is David Payne and I am over the age of twenty-one years.

I make the statements in this affidavit pursuant to the provisions of
Alabama Code, 1975, and the Federal Rules of Civil Procedure.

I was a resident of the Geneva County, Alabama Jail when Dennis Rudd
was put in the cell with me and Jowel Nunn, Larry Hilliard, Billy Dozier,
David Sims and twelve (12) other inmates who did not want Dennis Rudd in
the cell with us because he ~~had~~ ... ~~and a~~ Staph Infection. We
did not want him in population with us.

Dennis Rudd asked the Jail Administrator to move him because the other
inmates did not want him in the cell with them. When they did not move him,
he wrote up a swore affidavit because the inmates did not want him in the
cell with them. He had all of us sign the affidavit with him stating about
the Hepatitis C and Staph Infection he had. Then Jowel Nunn had a sore on
his left arm that just kept getting bigger and bigger. I have seen Jowel
Nunn stick a q-tip about an inch and a half down in his arm.

The sore on Jowel Nunn's arm kept on running stuff out of it for days
and days. Jowel repeatedly asked the Jail Administrator to take him to the
doctor but they refused to do it. Finally Jowel Nunn kept beating on the door
until the Jail Administrator got mad and locked us down for the whole week.
He told Jowel he would make an appointment. But he did not make an appointment.
Then Billy Owens came to work on a Saturday and saw Jowel's arm swollen up
and called the Sheriff and got permission to take Jowel to the emergency room.
Then Deputy Perez came back to the cell and said that Carl Rowe knew better
than this, that he should have been done took him to the doctor.

Further affiant sayith not.

*David A. Payne*

## NOTARY BLOCK

**Subscribed and sworn to before me this**

*15ᵗʰ* day of ___*June*___ , 2007.

___*Pkes Wilkins*___
**Notary Public**

___*8-19-09*___
**Comm. Exp. Date**

STATE OF ALABAMA
COUNTY OF ST. CLAIR

### AFFIDAVIT

**BEFORE ME,** _____, a notary public in and for
said County and State, personally appeared _____,
and being duly sworn, deposed and says on oath the following:

My name is David Payne and I am over the age of twenty-one years.

I make the statements in this affidavit pursuant to the provisions of
Alabama Code, 1975, and the Federal Rules of Civil Procedure.

I was a resident of the Geneva County, Alabama Jail when Dennis Rudd
was put in the cell with me and Jowel Nunn, Larry Hilliard, Billy Dozier,
David Sims and twelve (12) other inmates who did not want Dennis Rudd in
the cell with us because he had Hepatitis C and a Staph Infection. We
did not want him in population with us.

Dennis Rudd asked the Jail Administrator to move him because the other
inmates did not want him in the cell with them. When they did not move him,
he wrote up a swore affidavit because the inmates did not want him in the
cell with them. He had all of us sign the affidavit with him stating about
the Hepatitis C and Staph Infection he had. Then Jowel Nunn had a sore on
his left arm that just kept getting bigger and bigger. I have seen Jowel
Nunn stick a q-tip about an inch and a half down in his arm.

The sore on Jowel Nunn's arm kept on running stuff out of it for days
and days. Jowel repeatedly asked the Jail Administrator to take him to the
doctor but they refused to do it. Finally Jowel Nunn kept beating on the door
until the Jail Administrator got mad and locked us down for the whole week.
He told Jowel he would make an appointment. But he did not make an appointment.
Then Billy Owens came to work on a Saturday and saw Jowel's arm swollen up
and called the Sheriff and got permission to take Jowel to the emergency room.
Then Deputy Perez came back to the cell and said that Carl Rowe knew better
than this, that he should have been done took him to the doctor.

Further affiant sayith not.

### NOTARY BLOCK

**Subscribed and sworn to before me this**

_____ day of _____, 2007.

_____
     **Notary Public**

_____
     **Comm. Exp. Date**

6-27-07

Dear Magistrate Judge,

There has been an error on the affidavit of David Payne. The day I recieved the affidavit's from the mail room it was cut half into from were the officer of the mail room open my mail. There has been an extra copy attach to the back of David Payne notarized affidavit so it will be clear for you & defendents to read. The attach copy is the same affidavit that David Payne had notarized. Sorry about the error.

Yours Truely,
Jowel S. Nun

Douglas L. Nunn #204086
P.O. Box 767 Dorm F-1
Clayton, AL 36016

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STAFF PRISON THE
CONTENTS HAVE NOT BEEN EVALUATED
AND THE ALABAMA DEPARTMENT OF
CORRECTIONS IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION

Middle District of Alabama
OFFICE OF
Clerk, United States District Court
P.O.Box 711
Montgomery, AL 36101-0711

OFFICIAL Business

