IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOWEL S. NUNN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:06-cv-452-TMH-CSC |
| | ) |
| GENEVA COUNTY COMMISSION, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL OBJECTION**

COMES NOW Geneva County, Alabama Sheriff Greg Ward, Defendant in the above-styled cause, and replies to the Plaintiff's Supplemental Objection to the Recommendation of the Magistrate Judge (Doc. 40) as follows:

**INTRODUCTION**

On August 7, 2006, Defendant Greg Ward submitted his Special Report to the Court. See Defendant's Special Report (Doc. 13). Per Defendant Ward's request, the Special Report was treated as a motion for summary judgment. Subsequently, on April 11, 2007, the Magistrate Judge recommended that Defendant Ward's Motion for Summary Judgment be granted, that the case be dismissed with prejudice, and that the costs of this proceeding be taxed against the Plaintiff. See Recommendation of the Magistrate Judge (Doc. 28), p. 15. Following several motions by the Plaintiff and Defendant Ward's repeated provision to the Plaintiff of "legible" copies of jail file documents, the Plaintiff filed a Supplemental Objection to the Report and Recommendations of the Magistrate Judge on July 2, 2007 to which he attached "new" evidence. See Supplemental Objection (Doc. 40).

Despite the Plaintiff's improper attempt to assert new allegations via his Supplemental Objection, his claims are nevertheless due to be dismissed for the following reasons. First, the Plaintiff's impermissible effort to state "new" claims are due to be stricken. Second, the Plaintiff completely fails to produce an argument or evidence which would justify a departure from the disposition urged by the Magistrate Judge.

## ARGUMENT

**I.    THE PLAINTIFF'S IMPERMISSIBLE ATTEMPT TO ADVANCE "NEW" ALLEGATIONS ARE DUE TO BE STRICKEN.**

In his Supplemental Objection and earlier documents, the Plaintiff attempts to inject new allegations into this case which were not plead in his Complaint. Neither the Federal Rules of Civil Procedure nor federal case law permit such a practice. See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); Fleming v. Dowdell, 434 F. Supp. 2d 1138, 1148 n.9 (M.D. Ala. 2005) ("A complaint may not be amended by brief in opposition to a motion to dismiss or motion for summary judgment."); Sanders v. City of Union Springs, 405 F. Supp. 2d 1358, 1371 (M.D. Ala. 2005) ("It is axiomatic that a party cannot amend its pleadings by arguments made in briefs in opposition to summary judgment."); see also Fed. R. Civ. P. 15. As a result, Sheriff Ward requests that this Court strike Plaintiff's "new" allegations; alternatively, the Defendant asks this Court to disregard all such statements in the Plaintiff's Supplemental Objection and other documents.

The Plaintiff's effort to inject previously unplead allegations into this action is demonstrated by the following discussion. The Complaint asserts that Sheriff Ward acted with deliberate indifference by failing to provide adequate medical treatment for an alleged staph infection suffered by the Plaintiff during his incarceration at the Geneva County Jail. See

2

Complaint (Doc. 1-1); see also Recommendation of the Magistrate Judge (Doc. 28), p. 1. Between the filing of his Complaint and the filing of his Supplemental Objection, the Plaintiff has changed his theory of liability. That is, in his Complaint, the Plaintiff insists that "[a]s a consequence of the defendants['] failure to act, plaintiff was kept locked up with other inmates effectively exposing *them* to staph infection." Complaint (Doc. 1-1), ¶ 6 (emphasis added). His Complaint additionally contends that "defendants willfully, deliberately, and melicously [sic] and with negligence and reckless disregard permitted the staph infection to linger and fester and to infect *other prisoners*." Id. at ¶ 14 (emphasis added). However, in his Supplemental Objection, the Plaintiff maintains that Sheriff "Ward knew of the inmate that was processed into the jail with the infection of staff [sic] but failed to adequately[] and timely [] segregate the contaminated inmate from the Plaintiff Nunn[] and other inmates that were not already infected." Supplemental Objection (Doc. 40), p. 2.

Similarly, the Plaintiff appears to argue at this late point in the proceedings that he was "deliberatedly [sic] infected," presumably with staph bacteria. Id. at p. 7. As discussed previously, the Complaint has been interpreted as alleging two distinct claims: (1) a deliberate indifference claim premised on Sheriff Ward's purported failure to provide adequate medical treatment to the Plaintiff and delay of treatment, Recommendation of the Magistrate Judge (Doc. 28), p. 9, and (2) a conditions-of-confinement claim based on Plaintiff's assertion that "he was subjected to 'deplorable' and 'foul' conditions of confinement during his incarceration in the Geneva County Jail." Id. at p. 12. No reasonable reading of the Complaint would disclose an attempt by the Plaintiff to allege that he was deliberately infected with staph bacteria or any other bacteria. Nor does the Recommendation of the Magistrate Judge recognize any such attempt. See, generally, id. Consequently, all of the Plaintiff's untimely and procedurally improper

3

efforts to assert allegations not plead in his Complaint are due to be stricken; alternatively, the Defendant asks this Court to disregard all such efforts by the Plaintiff whether found in his Supplemental Objection or another post-Complaint document.

## II. THE PLAINTIFF HAS FAILED TO PRESENT AN ARGUMENT OR EVIDENCE WHICH WOULD JUSTIFY DISREGARDING THE RECOMMENDATION OF THE MAGISTRATE JUDGE.

In response to the Recommendation of the Magistrate Judge, the Plaintiff has done nothing more than argue that he has, in fact, proven the Defendant's deliberate indifference. As discussed below, the "new" evidence relied on by the Plaintiff is not admissible. However, even if the Plaintiff's evidence was admissible, it would still be incapable of creating a genuine issue of material fact. Because the Plaintiff has failed to explain why the Recommendation of the Magistrate Judge should not be adopted in full, Sheriff Ward's Motion for Summary Judgment is due to be granted for the reasons set out in the Magistrate Judge's Recommendation.

The first two pages of "evidence" included with the Plaintiff's Supplemental Objection are simply the laboratory reports that were included with the Complaint. Compare Complaint, Exhibits (Doc. 1-2), pp. 1-2 with Supplemental Objection, Exhibits (Doc. 40), pp. 9-10. These laboratory reports merely confirm that Staphylococcus aureus bacteria was present on the Plaintiff's left arm on June 4, 2005. The third page of "evidence" submitted with the Plaintiff's Supplemental Objection is a single page from the medical records of inmate Dennis Rudd ("Rudd"). See Supplemental Objection (Doc. 40), p. 11. The Plaintiff claims that his medical records, along with the page from Rudd's medical records, "show that both inmates were treated for staph infections," id. at p. 7; however, Rudd's medical record excerpt does not reveal that he suffered a staph infection, much less that he was treated for a staph infection. See id. at p. 11.

Even if Rudd's medical record excerpt did show that he was treated for a staph infection, it is not clear how such evidence would advance the Plaintiff's claim.

In addition to a one-page excerpt from the medical records of Rudd, the Plaintiff also submits Rudd's "affidavit." See Supplemental Objection, "Affidavit" of Dennis Rudd (hereinafter "Rudd 'Affidavit'") (Doc. 40), p. 12. For obvious reasons, this Court may not consider Rudd's "affidavit" when resolving Defendant Ward's Motion for Summary Judgment. First, Rudd's "affidavit" completely fails to comply with any requirement of Fed. R. Civ. P. 56(e). Specifically, Rudd's "affidavit" does not reveal that it is "made on personal knowledge," does not "set forth such facts as would be admissible in evidence," and does not "show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see Shaw v. Coosa County Comm'n, 434 F. Supp. 2d 1196, 1198 (M.D. Ala. 2005) (granting motion to strike affidavit where affidavit was "obviously not made on personal knowledge," did not "set forth such facts as would be admissible in evidence," and did not "affirmatively show that [affiant] [w]as competent to testify to the matters stated in the affidavit"). Inmate Rudd states, without supporting documentation, that he has been "diagnosed with staph infection & Hepatitis 'C'."[1] Supplemental Objection, Rudd "Affidavit" (Doc. 40), p. 12; Harrison v. Barkley, 219 F.3d 132, 141 n.1 (2d Cir. 2000) (Meskill, J., dissenting) (noting that plaintiff-inmate's affidavit offering his self-diagnosis was "highly unlikely" to be competent and based on personal knowledge).

---

[1] A prisoner's self-diagnosis alone will not support a medical conclusion. Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994); see Aswegan v. Henry, 49 F.3d 461, 465 (8th Cir. 1995) ("when the inmate alleges a serious medical need either for treatment or to avoid certain conditions, the cases do not allow courts to accept an inmate's bare assertion of his or her serious medical condition without medical evidence verifying that the condition exists."); Williams v. Nicholson, 20 Vet. App. 452, *3 (Table) (Vet. App. 2006) (finding that expert medical evidence was necessary to establish the etiology of plaintiff's disabilities and concluding that "because he is not competent to provide such medical evidence, Mr. Williams' statements concerning the etiology of his alleged disabilities are insufficient to demonstrate the in-service incurrence of those disabilities"); Radi v. MacDonald, 2006 WL 2604680, *4-5 (D. Mont. 2006) ("Without medical evidence to support a realistic theory of how he contracted hepatitis C, Radi cannot maintain a claim on that basis."); Buchanan v. McCool, 2006 WL 3044446, *14 (E.D. Tex. 2006).

5

Rudd also relates that "jail admin. Carl Rowe and Sheriff Greg Ward was [sic] aware of my medical condition," but provides no information as to how or why Rowe or Ward learned about his medical condition. Id. Like much of Rudd's "affidavit," it is unclear how his averment that he "was held in isolation for seven hours prior to being put into general population[] because of [his] illness" is intended to refute the evidence presented by Sheriff Ward. Id.; see also Defendant's Response to Order (Doc. 35), ¶¶ 5, 6.

Second, Rudd's "affidavit" is especially deficient given that it does not connect dates to the events mentioned therein. For instance, there is no indication as to *when* Rudd was supposedly diagnosed with staph infection and Hepatitis C, *when* Sheriff Ward was allegedly aware of Rudd's medical condition, or *when* Rudd was placed in general population. Contrary to the Plaintiff's assertion, Rudd's "affidavit" falls well short of "indicat[ing] that the Plaintiff was exposed to staph by the defendant as early as Feb. 15, 2005." Id. at p. 6. Assuming, *arguendo*, that Rudd's affidavit could establish that the Plaintiff was exposed to staph bacteria as early as February 15, 2005, that fact alone does not demonstrate the Defendant's knowledge of such exposure, much less the Defendant's appreciation of the danger, if any, presented by such exposure[2] and his disregard of any potential danger. Therefore, even if Rudd's "affidavit" conformed to the requirements of Fed. R. Civ. P. 56(e) – which it does not, it would not be capable of contributing to the Plaintiff's attempt to create a genuine issue of material fact. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("'[O]ne who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial'.") (citation omitted).

---

[2] As Sheriff Ward pointed out in his Special Report, the presence of staph bacteria on the Plaintiff's skin is not entirely surprising. "According to the Centers for Disease Control and Prevention, staph bacteria, including MRSA, are 'commonly carried on the skin or in the nose of healthy people', and at any given time, approximately 25% to 30% of people in the United States have staph bacteria colonized in their noses." Special Report (Doc. 13) at p. 31 quoting Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

The Affidavit of the Plaintiff suffers from many of the same deficiencies which plague inmate Rudd's "affidavit." For instance, the Plaintiff states that a bump appeared on his arm which concerned him. Supplemental Objection, Affidavit of Jowel Nunn (Doc. 40), p. 13. He adds that he "made a request to see the medical doctor but [his] request was to no avail. Id. Despite "multiple requests to seek medical attention…, it wasn't until June 6, 2005" that he was taken to the emergency room. Id. The Plaintiff maintains that the "medical doctor at the emergency room later determined that [the Plaintiff] had contracted a case of heavy staph infection which could have been prevented if [the Plaintiff] would have gotten the proper medical attention needed on or about May 16, 2005." Id.

As with the "affidavit" of inmate Rudd, the instant affidavit of the Plaintiff may not be considered by this Court when resolving Sheriff Ward's Motion for Summary Judgment for the following reasons. First, like inmate Rudd, the Plaintiff does not state *when* he made the first request to see the medical doctor, nor does he state *when* he made any of his subsequent "multiple requests" for medical attention. The Plaintiff's failure to cite the dates that he made such requests is surprising in light of his recognition of the importance of chronology in this case. See Supplemental Objection (Doc. 40), p. 6 ("Nunn asserts that the time frame as alledged [sic] by the defendant is a misrepresentation of the true facts.").

Second, the Plaintiff's claim that he did not visit the emergency room until June 6, 2005 is flatly contradicted by no less than twenty-three (23) pages of admissible evidence submitted by Sheriff Ward. See Special Report (Doc. 13), Exhibit E, pp. 93-115; see also Recommendation of the Magistrate Judge (Doc. 28), p. 3 (noting that jail officials transported Nunn to the emergency room on June 4, 2005). This evidence includes at least three (3) pages which feature the Plaintiff's signature. See id. at pp. 95, 109, 111. Third, there is absolutely no

7

indication in the Plaintiff's medical records that the Plaintiff's alleged "case of heavy staph infection" could have been prevented if he had received medical attention on or about May 16, 2005.[3]  This allegation by the Plaintiff is an example of material which is not admissible in evidence because it is hearsay not otherwise admissible under any exception to the hearsay rule; therefore, it is properly excluded from consideration at the summary judgment stage.  See Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 783 (11th Cir. 2006) (district court properly disregarded averment where affiant "attempted to relay what she claimed Quebec government officials had told her"); Macuba v. Deboer, 193 F.3d 1316, 1325 (11th Cir. 1999) (holding that district court erred in considering witness's hearsay testimony regarding the content of witness's out-of-court conversations with defendants and others).

     The affidavit of Harvey Arrant ("Arrant") likewise fails to create a genuine issue of material fact.  Far from creating a genuine issue of material fact, Arrant's affidavit actually reinforces Sheriff Ward's Special Report by stating that when sewage backed up into a cell it was cleaned up and that the Geneva County Jail "looked and smelled clean."  Supplemental Objection, Affidavit of Harvey Arrant (Doc. 40), p. 14.  Arrant insists that the cleaning agents and the amount of cleaning agent he was supposed to use when cleaning were "not adequate for the amount of square feet[] and the number of inmates confined in this small area."  Id.  Arrant does not explain the basis for his opinion nor does he explain why the cleaning agent or the amount of cleaning agent were inappropriate for the task.  Consequently, this averment is conclusory and due to be disregarded.  See Urbanique Production v. City of Montgomery, 428 F. Supp. 2d 1193, 1224 (M.D. Ala. 2006) citing Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192,

---

[3] To substantiate such a claim, the Plaintiff would have to come forward with the sort of evidence suggested by the Magistrate Judge.  See Recommendation of the Magistrate Judge (Doc. 28), p. 14 ("Nunn has not submitted a doctor's diagnosis or any medical evidence supporting his allegations that the conditions in the jail caused his staph infection.").

1198 (11th Cir. 1997) ("Conclusory statements, speculation and hunches…are insufficient to avoid summary judgment."); Taylor v. CSX Transp., 418 F. Supp. 2d 1284, 1306 (M.D. Ala. 2006) citing Fed. R. Civ. P. 56(e) (refusing to "ascribe evidentiary value to [affiant]'s general and conclusory assertions" where affidavit merely referenced two incidents of alleged sexual harassment but did "not provide[] factual details of any other conduct, [did] not describe[] the conduct's sexual nature, [did] not indicate[] whether the 'inappropriate comment' was even sexual in nature, and [did] not identif[y] any individual who engaged in the conduct").

Finally, the affidavit of David Payne ("Payne") suffers from the same fatal flaws as the other affidavits; accordingly, it is incapable of creating a genuine issue of material fact. Most notably, Payne's affidavit, like Arrant's affidavit, actually reinforces Sheriff Ward's Special Report. That is, Payne's affidavit repeatedly refers to Jail Administrator Carl Rowe,[4] but mentions Sheriff Ward only once. See Supplemental Objection, Affidavit of David Payne (Doc. 40), p. 15. The one time Payne's affidavit speaks of Sheriff Ward, it indicates that Sheriff Ward authorized jailers or deputies to transport the Plaintiff to the emergency room. See id. ("Billy Owens came to work on a Saturday and saw Jowel's arm swollen up and called the Sheriff and got permission to take Jowel to the emergency room."). Therefore, Payne's affidavit clearly fails to create a genuine issue of material fact with respect to the Plaintiff's claims against Sheriff Ward.

As demonstrated above, the affidavits included with the Plaintiff's Supplemental Objection fail to create a genuine issue of material fact individually or collectively. Assuming, *arguendo*, that one or more of the affidavits comply with Fed. R. Civ. P. 56(e), such evidence is incapable of preventing the entry of summary judgment for Sheriff Ward. See Pirolo v. City of Clearwater, 711 F.2d 1006, 1012 (11th Cir. 1983) ("An affidavit can be used to support a claim,

---

[4] Jail Administrator Carl Rowe is not a party to this action.

but not to raise issues for the first (and only) time."). Therefore, Sheriff Ward is entitled to summary judgment to the Plaintiff's claims.

## CONCLUSION

Because the Plaintiff has not presented more than a "mere scintilla" of evidence capable of creating a genuine issue of material fact nor articulated a single valid reason that the Magistrate Judge's Recommendation should be rejected, Defendant Sheriff Greg Ward is entitled to summary judgment as to the Plaintiff's claims.

**RESPECTFULLY SUBMITTED** this the 9th day of July, 2007.

        **s/Daniel D. Fordham**
        **C. RICHARD HILL, JR. (HIL045)**
        **DANIEL D. FORDHAM (FOR055)**
        Attorneys for Defendant Greg Ward
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama  36124
        Telephone:  (334) 262-1850
        Fax:  (334) 262-1889
        E-mail: dfordham@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the same, by United States Mail, postage prepaid, to the following non-CM/ECF participant:

    Jowel S. Nunn
    Ventress Correctional Facility
    Post Office Box 767
    Clayton, Alabama  36016

        **s/Daniel D. Fordham**
        OF COUNSEL